## GORDON v. CLARK.

AFFIDAVITS or documents copied into the transcript on appeal, but not made part of the record, either by a certificate of the Clerk or Judge, or by a statement or bill of exceptions, cannot be considered.

As a general rule an objection which, had it been taken in the Court below, might there have been obviated by amendment, cannot be raised for the first time in the Appellate Court.

APPEAL from the Ninth Judicial District.

*E. Steele*, for Appellant.

————— ————, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an appeal from an order granting a writ of assistance. The objection of the appellant is that the judgment or decree of foreclosure, as entered in the minutes of the Court and in the Judgment Book, does not state the amount for which it was rendered, the same being left blank. There is no statement on appeal. There are several affidavits and other documents copied into the transcript, which are not made part of the record, either by a certificate of the Clerk or Judge, or by a statement or bill of exceptions, and which we are therefore compelled to disregard. The transcript, however, contains the judgment roll, and the judgment attached thereto states the amount fully and specifically. Documents purporting to be similar judgments are, however, copied into the transcript which omit the amount, and in which blanks appear to have been left. Whether any of these were taken from the judgment book the record does not disclose, and in the absence of

proper authentication we can only look to the judgment roll, which does not sustain the objection. The parties appeared to the motion for the writ of assistance, and so far as the record discloses, the appellant does not seem to have made any objection to the issuing of the writ, or taken any exception to the order made therefor, or pointed out any defect in the judgment, if any such existed. If the objection had been made in the Court below, there was undoubtedly sufficient in the records of the Court by which it could have been amended *nunc pro tunc*. As a general rule such objections as are capable of being obviated by amendment should be raised in the Court below and not in this Court for the first time.

The order is affirmed.