[No. 3,191.]

## GEORGE C. JOHNSON v. HUGH MUIR.

MOTION FOR NEW TRIAL ON AFFIDAVITS.—When an application for a new trial is made on affidavits, the affidavits used in the hearing of the motion must be identified, by the indorsement of the Judge or Clerk, made at the time of the hearing, as having been read or referred to on the argument. The ordinary indorsement of filing by the Clerk is not sufficient.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The Court below denied the defendant's application for a new trial, and he appealed from the order.

The other facts are stated in the opinion.

*Tully R. Wise,* for Appellant.

*Melville Johnson, William H. Patterson,* and *Thomas A. Brown,* for Respondent.

By the Court, NILES, J.:

The defendant moved for a new trial on two grounds:

First—Accident or surprise, which ordinary prudence could not have guarded against.

Second—Error, in the refusal of the Court to continue the cause on the application of the defendant.

There is no statement upon motion for new trial. The transcript contains a series of affidavits, which appear to have been filed by the Clerk at various times between the rendition of the judgment and the hearing of the motion.

Under the provisions of section one hundred and ninety-five of the Practice Act a statement is unnecessary when the motion is made upon affidavits only. But in such case it is required that the affidavits should be identified by the indorsement of the Judge or Clerk, made at the time of

the hearing, that they were read or referred to on the hearing.

It is evident that a mere ordinary indorsement of filing is not sufficient to identify the papers as having been used upon the hearing of the motion. They may have been deposited with the Clerk for other and quite different purposes. We cannot, therefore, consider the affidavits.

Judgment and order affirmed.