Hon. HIRAM KNOWLES, } Justices.
Hon. FRANCIS G. SERVIS, }

RADER, respondent, *v.* NOTTINGHAM, appellant.

ORDER TAXING COSTS NOT APPEALABLE. A party cannot appeal to this court from an order of the court below, taxing costs.

CASE AFFIRMED. The case of *Wilson* v. *Davis*, 1 Mon. 98, holding that the consent of parties cannot confer jurisdiction upon this court, affirmed.

*Appeal from First District, Jefferson County.*

SHOBER & LOWRY and PAGE & COLEMAN, for appellant.

CHUMASERO & CHADWICK and G. G. SYMES, for respondent.

KNOWLES, J. The notice of appeal in this case is as follows:

" *To the above plaintiff, or A. G. P. George, G. G. Symes and Chumasero & Chadwick, his attorneys:*

" You will please take notice that the defendant in the above-

entitled action hereby appeals to the supreme court of the Territory of Montana, from the order made and entered in said cause in the said district court, and on the 11th day of April, A. D. 1873, taxing plaintiff's costs made in said district court to this defendant, and from the whole and every part of said order or judgment."

The only construction I can put upon this notice is, that it shows the intention of the appellant was to appeal from the order only taxing the costs incurred by the plaintiff in the trial in the district court to the defendant.

The order taxing costs is not one that may be appealed from the district court to the supreme court. Sections 369 and 380 of the Civil Practice Act provide what orders or judgments are the subject of appeal. Upon an inspection of these, it will be found that an order overruling a motion to tax or retax costs is not one of them. The appellate jurisdiction of this court is such as is limited by the laws of this Territory, and any person desiring any ruling of a district court reviewed in this court must comply with the regulations of our statutes. As there can be no appeal from the order described in the notice of appeal, this court has no jurisdiction of the question thereby presented. In the case of *Levy* v. *Getleson*, 27 Cal. 688, in regard to such an order as this, the court holds this language:

" The order appealed from is not, in itself, appealable, inasmuch as it was not made after final judgment. * * * * We cannot approach the alleged error through an appeal from a non-appealable order."

In the case of *Lasky* v. *Davis*, 33 Cal. 677, the same court says:

" An order made on a motion to retax costs is not appealable. It is not an order made after final judgment, within the meaning of section 343 of the Practice Act, even though it be made after the entry of judgment; for, in legal effect, the order, if the motion is granted, amounts to a modification or amendment of the judgment, or, in other words, becomes a part of it. If the motion is denied, the error is none the less in the judgment, and can be reviewed only upon an appeal from the judgment."

The statutes of this Territory upon this point are the same as in California. It is true that in the briefs in this case, the point here raised was not presented. This can make no difference, how-

ever.  If it is not an appealable order, consent will not give this
court jurisdiction of the question it presents.  The general rule is
that consent will not give a court jurisdiction of a subject-matter.
*Wilson* v. *Davis,* 1 Mon. 98; *Hopper* v. *Kalkman,* 17 Cal. 517;
also, *Brooks* v. *Calderwood,* 19 id. 124.

In this last case the court said:  "As no appeal lies from the
order refusing to transfer the cause to the circuit court of the
United States for trial, this court has no jurisdiction to pass upon
the merits of the application of the defendant, even with the stipu-
lation of the parties."

In this case just cited, there was a stipulation filed by the par-
ties to submit the case on its merits.  Holding, as we do, that we
have no jurisdiction to determine the issue presented in this ap-
peal, any judgment or order that we might render thereon would
be void.  Not desiring to cumber our records with a void judg-
ment or order to vex the court below with, we must dismiss this
appeal on our own motion.

*Appeal dismissed.*