# SUPREME COURT

AT THE

JANUARY TERM, 1876, HELD IN HELENA.

---

Present:

HON. DECIUS S. WADE, CHIEF JUSTICE.
HON. HIRAM KNOWLES, } ASSOCIATE JUSTICES.
HON. HENRY N. BLAKE. }

---

HOWARD, appellant, v. QUINN, respondent.

PAPERS— *considered on appeal.* This court will not review papers in the transcript, which were not used on the hearing in the court below, or have not been certified properly by the clerk of the district court.

JURISDICTION — *appeal from probate court.* The district court cannot acquire jurisdiction of an action that has been appealed from the probate court, unless all the papers belonging thereto and a transcript of all the proceedings in the probate court are transmitted to the clerk of the district court.

*Appeal from First District, Jefferson County.*

M. C. PAGE, for the motion to strike out papers.

S. ORR, contra.

BLAKE, J. The appellant commenced two actions against Ervin and others in the probate court of Jefferson county, to recover the value of certain gold dust, and filed affidavits and undertakings for the attachment of the property of the defendants. Writs of attachment were served upon the respondents, who made verbal answers to the sheriff respecting the credits and personal property in their possession belonging to the defendants. The appellant obtained judgments in the suits, and the respondents were examined by the court concerning the credits and property, and "discharged from liability as garnishees." The district court dismissed the appeal, which was taken from this order, and the appellant appealed to this court. The case is before us upon the motion of the respondents to strike from the transcript the complaints and affidavits and undertakings for attachments.

The transcript contains the following certificate: "I, W. L. Hall, clerk of the district court, do hereby certify that the foregoing is a true and correct transcript of the papers, orders, etc., that it purports to be. I further certify that among the papers herein copied the following are not among the records of my office, being held and retained by the probate judge of said county, to wit: The complaints, affidavits and bonds for attachments."

The three hundred and seventy-ninth section of the Civil Practice Act provides that "on appeal from a judgment rendered on an appeal, or from an order, the appellant shall furnish the court with * * * a copy of the papers used on the hearing in the court below." It does not appear that the papers described in the motion were used on the hearing in the district court. This court will not reverse the decision of the court below by reason of any matter of fact that was not shown or offered there. *Wallace* v. *Eldredge*, 27 Cal. 498.

The complaints, affidavits and undertakings, which have been copied into the transcript by the clerk of the court below, are not properly certified and cannot be considered by us. *Gordon* v. *Clark*, 22 Cal. 533; *Stone* v. *Stone*, 17 id. 513. The motion must be sustained.

The case was then heard on its merits. The appeal from the probate court was dismissed by WADE, J.

S. ORR and JOHNSTON & TOOLE, for appellant.

The appeal from the probate court was proper. Civ. Pr. Act, § 409. The court below had jurisdiction of the garnishees from the time the service was made on them by the sheriff. Id., § 145.

This is an action between appellant and the garnishees, and an appeal is proper. Drake on Attach., § 452; *Norris* v. *Burgoyne,* 4 Cal. 409; *Smith* v. *Brown,* 5 id. 118; *McCullough* v. *Clark,* 41 id. 298; *Hovey* v. *Crane,* 12 Pick. 167; *Folsom* v. *Haskell,* 11 Cush. 470; *Oliver* v. *Chicago & A. R. Co.,* 17 Ill. 587; *Crane* v. *Shaw,* 13 Mass. 215; *Porter* v. *Stevens,* 9 Cush. 535.

The notice of appeal and undertaking were given according to the statute, and the appeal was duly perfected. Civ. Pr. Act, §§ 409–415. There should have been a trial *de novo.* Id., § 418.

The service of the garnishment and answers of the garnishees constituted the action appealed from. No other pleadings are needed. The defendants had no interest in the proceedings after judgment against them and cannot be proper parties to this appeal.

M. C. PAGE, for respondent.

The district court never acquired jurisdiction of this proceeding. Our statute only allows an appeal from a judgment of the probate court, not from orders.

The records have not been transmitted to the probate court, as required by law. Civ. Pr. Act, § 415. Any garnishment under attachment is a part of the records. Drake on Attach., § 658 *a.*

Appellant took no measures to have the proper record filed, and the court below was compelled to dismiss the appeal from the probate court.

BLAKE, J. Some of the facts appearing in the transcript are stated in the opinion of the court upon the motion of the respondents. An appeal has been taken from an order of the probate court discharging the respondents from liability as garnishees. The defendants in the original actions are not interested in this proceeding, and are not named as the parties thereto, and it is evident that the cases in the district court are not the same as those which were commenced in the probate court. The parties

and subjects of controversy are not identical. We refrain from deciding that the district court can acquire jurisdiction of this proceeding, which cannot affect the original suits.

But, assuming that the appeal has been taken in a civil case and is properly before us, we are satisfied that the appellant has not complied with the statute governing appeals from the probate court. The order of the probate court, which was appealed from, was made March 3, 1874; the notice of appeal was filed March 12, 1874, and the undertaking on appeal was approved and filed March 14, 1874. The following papers were filed in the district court September 29, 1874: The affidavit of appellant relating to the answers of the respondents as garnishees, the citation of the probate court, and the notice and undertaking on appeal. The respondents filed a motion to dismiss the appeal October 6, 1874, and the district court granted the same October 8, 1874.

All appeals from the probate to the district court must be perfected within thirty days from the rendition of the judgment appealed from. Civ. Pr. Act, § 410. Within ten days after the notice and undertaking on appeal have been filed, the probate judge or clerk "shall make a full and complete transcript from the docket of all proceedings had in said action, and transmit the same, together with the complaint, answer, motions, pleadings, and all other papers pertaining to or belonging to said cause, to the clerk of said district court." Id., § 415. The object and importance of these requirements are obvious when we examine section 418, which provides that "all appeals taken by virtue of this act shall be tried in the district court upon the papers in the cause, as if the same had originally been instituted in said court." After the respondents made their motion to dismiss the appeal in the court below, the appellant did not suggest that the record was incomplete, and made no effort to perfect his appeal by filing any papers. The district court did not have jurisdiction of the proceeding, and dismissed the appeal.

*Judgment affirmed.*