CLARKE, respondent, *v.* GONU, appellant.

ORDER REFUSING TO STAY EXECUTION APPEALABLE. The judge at chambers made an order in May, 1876, and refused to stay until the next term of the court an execution upon a judgment which had been entered in December, 1874. *Held*, that this is a " special order made after final judgment," and therefore appealable.

REVIEW OF SAID ORDER—*discretion*. The making of said order is an exercise of judicial discretion, which will not be reversed unless there has been a clear abuse of this discretion.

*Appeal from Third District, Lewis and Clarke County.*

THE order appealed from was made by WADE, J. The respondent moved to dismiss the appeal.

CHUMASERO & CHADWICK, for the motion.

WOOLFOLK & BULLARD and H. M. PORTER, contra.

BLAKE, J. The respondents have filed a motion to dismiss this appeal. The following facts must be considered to enable us to understand the case. It appears that the respondents commenced an action in the court below against five persons, including the appellant, August 18, 1874, and a default was entered. The appellant moved to set aside the default November 3, 1874, on the ground that there had been no legal service of the summons upon him. The court overruled the motion December 10, 1874, and judgment was entered against said persons. The appellant then excepted to these rulings, but did not perfect an appeal. On May 8, 1876, the appellant applies to the judge of the court below, at chambers, for an order staying, as against him, an execution which had been issued in the action against said persons, "until a motion to quash said execution can be heard in said court at the next term thereof." The grounds of the motion to quash the execu-

tion are, that the judgment and execution are void because no summons was served upon the appellant. The application was denied, and from this ruling this appeal has been taken.

Has this appeal been taken " from any special order made after final judgment," provided for in the three hundred and eightieth section of the Civil Practice Act, which specifies the cases in which appeals may be taken " from the district courts? " We have been unable to find in the authorities a satisfactory definition of the term "special order." Mr. Bouvier says that a special rule is an " order of court made in a particular case, for a particular purpose ; it is distinguished from a general rule, which applies to a class of cases." 2 Bouv. L. D. (14th ed.) 537. The decisions of the supreme court of California are conflicting upon this question. In *Gilman* v. *Contra Costa Co.*, 8 Cal. 57, it is said that this term refers to " cases where a court or judge grants affirmative relief, and cases where relief is denied." It has also been held that the order should " follow the judgment in the same line of proceeding." *Ketchum* v. *Crippen*, 31 id. 365. In *Pendegast* v. *Knox*, 32 id. 72, the court held that the order should follow the judgment in " logical sequence," or in some way depend upon it. This view is sustained in *Genella* v. *Relyea*, 32 id. 159, and *Quivey* v. *Gambert*, id. 304. These cases were reviewed in *Calderwood* v. *Peyser*, 42 id. 110, and overruled upon this point. Mr. Justice WALLACE says that the order, " *of itself*," shall be the subject of appeal, and that " the statute declares such an order, made subsequently in point of time to the rendition of the judgment, to be the subject of a distinct appeal, and we are not at liberty to add that it must also be an order made in the direct line of the procedure." Our Civil Practice Act provides that " every direction of a court or judge made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion." § 566. This provision makes this ruling, from which this appeal has been taken, an order. It is subsequent in point of time to the rendition of the judgment, and therefore, according to the latest decisions of the supreme court of California under the same statute, must be the subject of appeal.

The motion is overruled.

The counsel were then heard upon the merits of the appeal.

WOOLFOLK & BULLARD and H. M. PORTER, for appellant.

CHUMASERO & CHADWICK, for respondents.

BLAKE, J.    The facts appear in the opinion upon the motion to dismiss this appeal.    The question for our consideration is very limited and does not affect the substantial rights of the parties. Did the judge err in refusing to stay the execution until a motion to quash the same could be heard at the next term of the court? This proceeding was in effect an application by the appellant to the judge to postpone the trial or hearing of the motion about five months.    The sound discretion of the judge was appealed to.    It is the general rule that courts of appellate jurisdiction will not revise the manner in which a judge has exercised a judicial discretion unless a clear abuse of that discretion is shown.    We have followed this rule in cases in which the action of the court in granting or refusing a continuance has been examined. *Black* v. *Appolonio*, 1 Mon. 345; *Wormall* v. *Reins*, id. 630; *Territory* v. *Perkins*, *ante*, 467.    These decisions govern the case at bar. There is nothing in the record showing that the judge abused that discretion in the ruling complained of, and the judgment must be affirmed.

*Judgment affirmed.*