GRANITE MOUNTAIN MINING COMPANY, appellant, *v.* WEINSTEIN ET AL., respondents.

APPEAL. — *Appeals lie from judgment and orders made in chambers.* — *Held*, in the case at bar, that, construing sections 421 and 444, division 1, Compiled Statutes of Montana, together, a right of appeal exists as well from orders and judgments when made by the judge in chambers as when made by the district court.

ID. — *An appeal from an order adjudging costs after a judgment rendered, held different from an appeal from an order on a motion to retax costs.* — In the case at bar, a proceeding had been instituted before a judge in chambers to condemn a right of way for the benefit of a mining claim under sections 1495 et seq., division 1, Compiled Statutes of Montana, and a judgment had been rendered against the plaintiff. Subsequently an order was made in chambers sustaining a motion to require the plaintiff to pay costs. An appeal was taken, and the notice thereof recited that the appeal was taken from the said judgment and order awarding to defendants their costs and attorney's fees. *Held*, that the order appealed from was a special order made after final judgment under the terms of subdivision 2, section 444, Compiled Statutes of Montana, and that there is a material difference between such an order adjudging costs and an order on a motion to retax costs. *Clarke* v. *Gonu*, 2 Mont. 538, cited; *Rader* v. *Nottingham*, 2 Mont. 157, distinguished.

ID. — *The certificate of the clerk of the court sufficiently authenticates the order appealed from in this case.* — The transcript of the appeal herein contained no bill of exceptions or statement on appeal, making said order a part of a judgment roll, as defined by section 306, division 1, Compiled Statutes of Montana. It contained, however, a certificate of the clerk identifying said order, and the final judgment, the documentary paper on which it was based. *Held*, that by the terms of section 438, division 1, Compiled Statutes of Montana, the certificate of the clerk was a sufficient authentication of said order and judgment; but that the rule would be different had the order been based upon oral testimony.

*Appeal from District Court, Deer Lodge County.*

ROBINSON & STAPLETON, for the appellant.

COLE & WHITEHILL, for the respondents.

MCCONNELL, C. J. This is a proceeding to condemn the right of way to a mining claim, instituted before the judge at chambers, under sections 1495 et seq., Compiled Laws of Montana. From the record it appears that on the twenty-sixth day of February, 1887, the

judge rendered the following judgment, to wit: "After hearing the testimony of the witnesses produced by both parties, the same having been given orally, both parties being present by counsel and cross-examining the witnesses, and after hearing the arguments of the respective counsel for both parties, and having duly considered the same, and being fully advised in the premises, the petition for a right of way is hereby refused." It appears further from the record that on the twenty-first day of June, 1887, the judge made the following order: "Motion to require the plaintiffs to pay the costs in this proceeding is hereby sustained. The matter of costs in this case has been considered by me, and it is ordered that William Weinstein and others do have and recover costs of the plaintiff, the Granite Mountain Mining Company, taxed at four hundred and thirty-eight dollars, and that execution issue therefor." It further appears from the record that the notice of appeal recites that the appeal is taken from the judgment and order of the said judge of said court, made and rendered in chambers, awarding to said defendants, Weinstein *et al.*, the costs of defending said matter, and attorney's fees therein.

The appeal, then, is not from the final judgment dismissing the petition of the appellant, but from the order subsequently made adjudging costs against it. There is no bill of exceptions or statement on appeal. We are of the opinion that the order appealed from is a special order made after final judgment in the sense of our statute. See the case of *Clarke* v. *Gonu*, 2 Mont. 538, and authorities there cited. In the case of *Orr* v. *Haskell*, 2 Mont. 350, an order overruling a motion to quash an execution was held to be a special order made after final judgment, from which an appeal will lie to this court. In the case of *Rader* v. *Nottingham*, 2 Mont. 157, this court held that an order overruling a motion to re-tax costs is not appealable, and this decision is affirmed

in the case of *Orr* v. *Haskell, supra.* But there is a material difference between a motion to retax costs, and an order thereon, and an order adjudging costs. The decision in the case of *Rader* v. *Nottingham* was made under the authority of the case of *Lasky* v. *Davis,* 33 Cal. 677, and rested upon the ground that the legal effect of the order is to modify the judgment, and it becomes a part of it, and hence can only be reviewed with the judgment. But the case of *Lasky* v. *Davis* was virtually overruled in the cases of *Dooly* v. *Norton,* 41 Cal. 441, *Calderwood* v. *Peyser,* 42 Cal. 112, and *Clark* v. *Crane,* 57 Cal. 629; so that the later cases in California hold that even an order made on a motion to retax costs is appealable. The judgment for costs is usually a part of the final judgment, and the clerk, in taxing the costs in the blank left for that purpose, is supposed to have committed error, and hence the order to retax the costs is but to change the items of the costs as filled in by the clerk, and hence may be construed as a part of the judgment, and reviewable only with it. In the case at bar, judgment dismissing the petition of appellant was made in February, and it is the judgment for costs against it from which this appeal is taken, made in the following June, so that it presents an entirely different kind of order from the one to retax costs.

But it is insisted that the order under consideration is not appealable, because made by the judge at chambers, and not by the district court. We have two chapters on the subject of appeals,— one entitled appeals in general, and the other appeals to the supreme court from the district court. Section 421, subdivision 3, Code of Civil Procedure, is as follows, to wit: "An appeal may be taken from an order granting or refusing a new trial; from an order granting or dissolving an injunction; from an order refusing to grant or dissolve an injunction; from an order dissolving or re-

fusing to dissolve an attachment; from an order granting or refusing to grant a change of the place of trial; from any special order made after final judgment," etc. In this section nothing is said as to where the orders have been made, whether before a court or the judge at chambers. In section 444, subdivision 2, we have the same cases enumerated in which an appeal may be taken to the supreme court from the district courts; both section's embracing any special order made after final judgment.

We find, by reference to the Code of Civil Procedure of California, that that state has precisely the same statute; and as our statute was taken from that of California, we will follow in its construction that given by the highest court of that state; and consulting these cases, it will be found that that court held all orders and judgments made by a court at chambers appealable, as well as those which were made in the district courts, and upon the same grounds. The only inquiry made, in order to determine the appealable character of the order, was as to whether it was judicial or ministerial. See *Bond* v. *Pacheco*, 30 Cal. 532; *Brewster* v. *Hartley*, 37 Cal. 23; *Gilmer* v. *Lime Point*, 18 Cal. 260. An order granting or refusing an injunction, an order dissolving an injunction or attachment, or refusing to do so, is made appealable, and these orders may all be made at chambers; but to give the strict interpretation of the statute that we are asked to do would render all such orders non-appealable when made at chambers. Our statutes on appeals were enacted by the first legislative assembly of this territory, which convened at Bannock, December 12, 1864, and were taken from the laws of California of 1851; and the right of appeal from orders and judgments made by the judge at chambers has been acquiesced in by the profession ever since, and no question of this kind was ever made before, so far as our reports

show. The case of *Clarke* v. *Gonu, supra,* was from an order refusing a stay of execution until a motion to quash could be heard at the next term of court, and was made at chambers; but no exception was taken on that account. We think, therefore, that the proper interpretation of these two statutes, when taken together, is, that the right of appeal lies as well from orders and judgments, when made by the judge in chambers, as when made by the district court.

But it is further insisted that the order under consideration cannot be reviewed, because it was not made a part of the judgment roll by bill of exceptions or statement on appeal. "The summons, pleadings, verdict of the jury, findings of the court, commissioner, or referee, all bills of exceptions taken and filed in said action, copies of orders sustaining or overruling demurrers, copy of the judgment, copies of any orders relating to the change of parties," constitute the judgment roll. Comp. Stats., p. 138, sec. 306. It appears from this statement that the order in question is not a part of the judgment roll. But section 438 of the Code of Civil Procedure provides that, on an "appeal from a final judgment, the appellant shall furnish the court with a transcript of the notice of appeal, undertaking or undertakings on appeal, pleadings or amended pleadings, as the case may be, which form the issues tried in the case, the judgment and such other parts of the judgment roll, and no more, as are necessary to present and explain the points relied on, and the statement, if there be one, certified by the attorneys of the parties to the appeal, or by the clerk, to be correct. On appeal from a judgment rendered on appeal, or from an order, the appellant shall furnish the court with a copy of the notice of appeal, undertaking or undertakings on appeal, the judgment or order appealed from, and a copy of the papers used on the hearing in the court below, and such copies

to be certified in like manner to be correct." And it is insisted that, under this section, it is not necessary for the order to be made a part of the judgment roll by bill of exceptions. "It is manifest that some identification is necessary, or otherwise this court could not know what papers were before it." See *Ritter* v. *Mason*, 11 Cal. 214; *Gordon* v. *Clarke*, 22 Cal. 533; *Johnson* v. *Muir*, 43 Cal. 542; *Leszinsky* v. *White*, 45 Cal. 278; *Hancock* v. *Thom*, 46 Cal. 643; *Stone* v. *Stone*, 17 Cal. 514; Hayne on New Trial and Appeal, 5.

We find that this act was passed by the first legislative assembly of the territory, in 1865, in precisely the form that it is in the present Code of Civil Procedure, except that the authentication was to be made by the clerk alone, instead of by the attorneys of the parties to the appeal, or by the clerk, as at present. This was taken from section 346 of the old Practice Act of California, which was itself taken from the laws of 1851, and provided, as our statute does, that the copies provided for should be certified to by the clerk to be correct. In 1864 the California act was amended so as to provide that the certificate might be made by the attorneys of the parties to the appeal, or by the clerk, and our statute was amended after its original passage in 1865 to correspond with the California statute. This certificate mentioned is the certificate of the clerk to the transcript. Hayne on New Trial and Appeal, sec. 264. Hence, by force of the statute, it is not necessary that the papers upon which the court acted should be made a part of the judgment roll by bill of exceptions or statement on appeal, as the only authentication required by the law is the certificate of the attorneys of the parties to the appeal, or the clerk; and the transcript in this case shows that they are properly certified to be correct by the clerk, and hence it is not necessary that a bill of exceptions should be contained in the transcript, embracing the order and the

paper, which was the final judgment upon which the order was made. We are aware that the supreme court of California, in the cases of *Nash* v. *Harris*, 57 Cal. 243, and *Brown* v. *Delavan*, 63 Cal. 303, has decided that an appealable order, although deemed to be excepted in law, nevertheless must be made a part of the judgment roll by bill of exceptions. In commenting upon this, Mr. Hayne, in his work on new trial and appeal, uses the following language: "The case in which this was said was correctly decided, because, as appears from the report, the papers used on the hearing in the court below were neither identified nor embodied in the bill of exceptions. As was said by the court, 'None of these documents is in any way authenticated.' And the language quoted is true of some orders. Thus orders made in the absence of a party are deemed to have been excepted to, and many of them require a bill of exceptions. But it is not universally true that orders and decisions which are deemed to have been excepted to require a bill of exceptions, for, under section 647 of the code, the findings of a judge are deemed to have been excepted to; but where the findings are contradictory or uncertain, or against admissions in the pleadings, no bill of exceptions is necessary. So where the question is whether the findings support the judgment, no bill of exceptions is necessary. So under the section mentioned, an order sustaining or overruling a demurrer is deemed to have been excepted to; but no one would contend that a bill of exceptions is necessary to present a question arising on demurrer to a pleading. The distinction is that in some cases the matter in support of the exception is already of record, while in others it is not. In the language of Rhodes, J., in *Smith* v. *Lawrence*, 38 Cal. 28, 'Neither a bill of exceptions nor a statement is required where the record already presents the question of law and the decision of the court.'"

We do not pretend to say that one mode of identification of the order, paper, or document, as the evidence upon which it was made, may not be made by statement on appeal or bill of exceptions; but what we decide is, that, by force of the statute (sec. 438, Code Civ. Proc., above quoted), the certificate of the clerk is a sufficient authentication of the order appealed from, and of the final judgment, which is the documentary paper upon which it is based. Of course the rule would be different if the order was based upon oral testimony. That could only be made part of the judgment roll by bill of exceptions or statement on appeal. We therefore overrule the motion to dismiss the appeal in this case.

McLEARY, J., concurs.

BACH, J. (*concurring*). While I concur in the result, I cannot agree entirely with the opinion of the majority of the court. It seems to me that the inference fairly to be drawn from that opinion is, that the right to appeal in this case is found by construing together section 421 and section 444, Code of Civil Procedure (Comp. Stats.). I think that the right of appeal is found only in section 444, and that the learned chief justice misapprehends the purpose of section 421, when he construes that section with the former (section 444) for the purpose of ascertaining whether or not an appeal will lie in this case. Section 421 is a part of chapter 1, title 11, of the code. That chapter treats of " appeals in general," or, as I consider it, it gives the general provisions relating to all appeals in all civil cases. The section referred to reads as follows: "An appeal may be taken,—1. From a final judgment in an action or special proceeding, commenced in the court in which the same is rendered, within one year after the entry of judgment; but an exception to the decision or verdict, on the ground that it

cannot be supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment; 2. From a judgment on an appeal from an inferior court, within ninety days after the entry of such judgment; 3. From an order granting or refusing a new trial, from an order granting or dissolving an injunction, etc., within sixty days after the order or interlocutory judgment is made and entered in the minutes of the court or filed with the clerk." It will be observed that if the legislature meant by this section to specify from what judgments or orders an appeal may be taken, it forgot two great essentials of such a specification. The section in no one instance declares to what court the appeal may be taken, and in only one (subdivision 2) does it provide from what court the appeal may be taken. I cannot believe that the legislature of this territory ever meant to define by that section the orders or judgments from which an appeal may be taken. I think that the only purpose of that section is to provide and limit the time within which an appeal may be taken from judgments and orders which, by other provisions of the code, are made appealable by apt words enumerating them, and naming the courts from which and to which the appeal may be taken. Section 444 enumerates the appeals which may be taken from the district courts to the supreme court. In other words, section 421 is merely a statute of limitations for appeals. Reference to the codes from which ours is taken, and to learned commentators on these codes, will, I think, sustain this interpretation. Title 11 of our code is taken from title 13 of the California Practice Act, found in Harston's Practice, and that is taken from the former code of New York, as found in title 11 of Voorhees's Annotated Code. Section 336 of the California Practice Act is that from which our section 421 is directly taken, and from section 347 of the

California act is taken our section 444.  The sections of
the California Practice Act are numbered 939 and 963
in Harston's Practice.  Of those sections, the learned
author, Mr. Hayne, in his valuable treatise on new trial
and appeal, says: "The latter section (347) determined
the orders which were appealable, and the former (336),
the time in which the appeals could be taken."  Now,
referring to the New York code, we find that section 331
of chapter 1, title 11, which chapter, like our chapter 1 of
the same title, treats of appeals in general, is the source of
section 336 of the California act, and of our section 421;
and we find that that section provides the time within
which appeals may be taken, but instead of containing a
repetition of the several orders and judgments, it merely
refers by number to those sections, the function of which
is to enumerate those orders and judgments.  The right
to appeal from the order in this case must be found,
then, in my opinion, in section 444, or the appeal will
not lie.  It is claimed that the appeal is made from an
order granted by a judge at chambers, and that such an
order is not appealable under said section, which pro-
vides for appeals from the district court to the supreme
court.  The point made by counsel is, that the judge is
not the court; but I think that the expression "to su-
preme court from the districts courts," as found in that
section, refers to the court generally, including the
judges thereof when acting in their official capacity;
and that the expression does not mean to draw the nar-
row distinction between a court order and an order
granted at chambers.  Subdivision 1 of the section does
refer to judgments in an action "commenced in those
courts," thus using the word "court," and applying it
directly to the word "judgment."  Subdivision 3, how-
ever, does not designate the orders as orders of the court,
or as orders of the judge, but it does declare certain
orders to be appealable, most of which may as well be

granted by the judge as by the court. The intention of the legislature is a safe path to follow, and it certainly was not the intention of the legislature to allow an appeal from an order granting an injunction when the order was signed as a court order, and to refuse the appeal when the order was granted at chambers. As to the papers which are necessary on an appeal from an order, I agree with the majority of the court. However, I prefer to limit the doctrine to those orders from which an appeal may be taken directly, and wish to be understood as expressing no opinion on that subject, when the order appealed from is of that class which can be reviewed only on an appeal from a judgment.