## WILKES v. TIBBETS et al.

### No. 19,091; December 21, 1892.

#### 31 Pac. 609.

**Appeal—Matters not Apparent of Record.**—Where the transcript shows that the findings of fact cover all the issues raised by the pleadings, and the judgment follows and is in conformity with the findings and conclusions of law drawn therefrom, affidavits, though contained in the transcript, claiming that a litigant had been erroneously denied a jury trial by the court, will not be regarded on appeal, where it does not appear that the affidavits were served on the adverse party, or were filed in court or certified to as having been used at the hearing on a motion for a new trial.

APPEAL from Superior Court, San Bernardino County; George E. Otis, Judge.

Action by C. R. Wilkes against Luther C. Tibbets and another. From a judgment against them, and from an order denying their motion for a new trial, defendants appeal. Affirmed.

L. C. Tibbets, in pro. per., and A. B. Paris for appellants; W. A. Purington and J. Ludewig Koethen (Walter L. Koethen of counsel) for respondent.

BELCHER, C.—This is an appeal by the defendants from a judgment entered against them, and an order denying their motion for a new trial. The transcript contains the judgment-roll, a notice of intention to move for a new trial, an order denying a new trial and certain affidavits. The findings recite that: "This cause came on regularly for trial on the twentieth day of May, 1891, before the court without a jury, a jury trial having been wavied by the parties." And the judgment recites that, "a trial by jury having been expressly waived by the respective parties, the cause was tried before the court without a jury." The findings of fact cover all the issues raised by the pleadings, and the judgment follows in conformity with the findings and conclusions of law drawn therefrom.

The notice of intention to move for a new trial states that the motion will be made upon the following grounds: (1) Ir-

regularity in the proceedings of the court; (2) order of court and abuse of discretion by which defendants were prevented from having a fair trial; (3) surprise, which ordinary prudence could not have guarded against; (4) errors in findings; (5) error in the judgment. The notice further states that the motion will be made upon affidavits. The affidavits are to the effect that, before the case came on for trial, the defendant, Luther C. Tibbets, duly demanded a jury trial, and that a venire was issued, and sixteen jurors were summoned and were in attendance on the day set for the trial; that when the case was called for trial the said defendant asked to have a jury impaneled, but the court refused to comply with his request, and ordered him to pay the amount of the juror's fees, $21, into court before he could be allowed to make his defense to the action; that he paid the said $21 into court, and the jurors were then discharged by the court, against the will, and without the consent, and in opposition to the demand of defendant; and that the said order of the court was an abuse of discretion, by which the defendants were prevented from having a fair trial. It is further stated that the court erred in making several of its findings, and that the facts found were not true; also, that it erred in its judgment, in stating that a trial by jury was expressly waived by the respective parties. Appellants contend that, in view of the facts shown by these affidavits, the judgment should be reversed, and the cause remanded for a new trial. Conceding, without deciding, that the point can be made on affidavits that a litigant has been erroneously denied a jury trial, still a conclusive answer to appellants' contention is that, while the affidavits here relied on are found in the transcript, it does not appear that they were ever served on the adverse party or filed in court, nor are they in any way certified to or identified as having been used on the hearing of the motion. This being so, they cannot be looked to here for any purpose, but must be wholly disregarded: Johnson v. Muir, 43 Cal. 542; Baker v. Snyder, 58 Cal. 617. The judgment and order appealed from should be affirmed.

We concur: Haynes, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.