CALVIN BEACH ET AL., APPELLANTS, *v.* SPOKANE RANCH & WATER COMPANY, RESPONDENT.

*Appealable Order—New Trials.*

21    7
24   511
24   512

21     7
s25   368
s25   380

21     7
27   244

1. APPEALABLE ORDER.—An order made after judgment and which extends the time for filing a bill of exceptions, is an appealable order, under Section 1722, Code of Civil Procedure, which authorizes an appeal from any special order made after final judgment.
2. SAME.—The general rule that, when an appeal can be taken from an order, an order refusing a motion to modify the former order is not appealable, does not apply when the original order was irregularly issued, or was made without notice.
3. SAME.—An order refusing to modify a prior order is a decision upon a matter of law to which an exception may be taken.
4. NEW TRIAL.—An issue of fact upon which a new trial can be granted is such an issue only as is raised by the pleadings; a statement on motion for new trial is confined to such issues; and a new trial of a motion is not authorized by the code. (§§ 662, 1030 and 1170, Code of Civil Procedure, construed.)

*Appeal from District Court, Lewis and Clarke County. Henry C. Smith, Judge.*

ACTION by Calvin Beach, by his guardian, E. Beach and others, against the Spokane Ranch & Water Company. From a judgment for defendant, plaintiffs appeal. Motion to dismiss appeal denied.

*McConnell & McConnell,* for Appellants.

*Sanders & Sanders,* for Respondent.

PIGOTT, J.—Motion to dismiss appeal. Judgment was entered against defendant on July 3, 1897. On October 11, 1897, the court made the following order, which was entered on the minutes: "On motion of counsel for defendant, and by consent of plaintiffs, court this day granted thirty days' additional time to defendant in which to prepare, serve, and file statement on motion for new trial and bill of exceptions herein." December 28, 1897, plaintiffs moved the court to correct the order of October 11th by striking out the words, "and by consent of plaintiffs." Upon the hearing of the motion, plaintiffs claimed that the order was irregular, and was

made without their knowledge or consent.   The motion was denied.   Evidence adduced upon the hearing is brought here by bill of exception taken to the order denying the motion. Defendant moves to dismiss the appeal upon three grounds:

1.   It is urged that the order is not appealable.   Subdivision 2 of Section 1722 of the Code of Civil Procedure, authorizes appeal from any special order made after final judgment.   Upon authority of *Clarke* v. *Gonu*, 2 Mont. 538; *Mining Co.* v. *Weinstein*, 7 Mont. 346, 17 Pac. 108; *Calderwood* v. *Peyser*, 42 Cal. 110; *Clark* v. *Crane*, 57 Cal. 629; and *Empire Gold Mining Co.* v. *Bonanza Gold Mining Co.* 67 Cal. 406, 7 Pac. 810,—and for the reasons there assigned, we hold that the order is appealable.   See, also, Hayne, New Trial and Appeal; § 196. · It is also insisted that, if the order of October 11th is subject to appeal, the subsequent order denying a motion to correct or modify it is not appealable.   The general rule is that when an appeal can be taken from an order, a subsequent order, denying a motion to change the first order, is not appealable.   But we are of opinion that it does not apply when the original order was irregularly issued, or was made *ex parte*, and without notice.   The principle of this exception to the rule was recognized in *Mayor, etc., of the City of San Jose* v. *Fulton*, 45 Cal. 316, and is approved in Hayne, New Trial and Appeal, § 19, subdivision 4. In the case at bar there is a controversy in respect of the order of October 11th, plaintiffs insisting that it was made without their knowledge or consent, and irregularly, while defendant contends to the contrary.   We think this is sufficient to establish *prima facie* the appealable character of the subsequent order.

2.   The second reason stated as a ground for dismissing the appeal is "that there is no bill of exceptions herein, for the reason that the objection is made upon a matter of fact, and an exception does not lie thereto."   Even if this were true, it would not require a dismissal.   But the exception is to the decision of the court denying the motion to change the order of October 11th, and is, therefore, clearly to a matter of law,

within the meaning of Section 1150 of the Code of Civil Procedure.

3. The last ground is that there is no statement on motion for a new trial. This is no reason for dismissing the appeal. An issue of fact arises upon the pleadings. (§ 1030, Code of Civil Procedure.) The only pleadings allowed are named in Section 662. Motions are not among them. A new trial is a re-examination of an issue of fact in the same court after a trial and decision. (§ 1170.) It is clear that the issue of fact mentioned in Section 1170 is that defined by section 1030 as arising upon the pleadings. There is no statute permitting the new trial of a motion. (See *Harper* v. *Hildreth,* 99 Cal. 265, 33 Pac. 1103.) The motion to dismiss the appeal is denied.

PEMBERTON, C. J., and HUNT, J., concur.