COLUMBIA MINING COMPANY, respondent, *v.* HOLTER et al., appellants.

PRACTICE — *motion for rehearing — equity — supersedeas.*   The motion for a rehearing of an equity case by this court does not operate as a supersedeas, and the court below can enter a decree in accordance with the remittitur and mandate of this court, while the motion is pending.

PRACTICE — *stay of judgment — motion.*   A motion for a new trial in an action at law does not stay the execution of the judgment.

REHEARING — *rule of court — terms of continuance.*   A party can make a motion for a rehearing under a rule of this court.   It is not a right given by statute and this court can prescribe the terms on which a continuance of the argument on the motion is granted.

PRACTICE — *remittitur recalled or stayed by justices.*   The justices of this court, on a proper application in vacation or term time, can recall or stay a remittitur and mandate that have been erroneously issued out of this court.

PRACTICE — *granting of rehearing.*   A rehearing in an equity case will not be granted after the court below has entered the decree of this court according to its mandate and remittitur.

MANDATE OF THIS COURT.   The court below must obey the mandate and remittitur of this court.

PRACTICE — *rehearing — reversal of decision.*   On a motion for a rehearing, this court will rarely, if ever, reverse its first decision, unless it has overlooked some decisive question, or the decision conflicts with a statute or controlling decision.

*Appeal from the Third District, Lewis and Clarke County.*

THE facts are stated in the opinion. The decree was entered by the court, WADE, J.

E. W. TOOLE & J. K. TOOLE, for appellants.

By the motion for a rehearing in the original case, and the continuance of the same, the jurisdiction over the cause was retained in this court. No judgment could be rendered in the court below until the motion for a rehearing had been disposed of. This is the only question involved in the case. The motion for rehearing and its continuance operated *per se* as a supersedeas.

W. F. SANDERS and CHUMASERO & CHADWICK, for respondent.

The continuance of the argument on the motion for rehearing was granted "without stay of proceedings." The court below was powerless to disobey the mandate of this court. If the motion operated as a supersedeas, appellants have not saved that error.

There is a distinction between cases at law and equity. At law the motion for a new trial does not operate to stay the execution of the judgment. In equity cases, this court can direct the terms on which its orders shall be made for continuing a rehearing.

A rehearing will not be granted in equity cases, if it has been remitted to the court below to carry into effect the decree of this court, and a subsequent appeal brings up only the proceedings after the mandate. *Browder* v. *McArthur*, 7 Wheat. 58.

If this court should reverse its former decision, all decrees would fall as a consequence and no injustice would be done. *Wambaugh* v. *Gates*, 8 N. Y. 138.

MURPHY, J. This suit was originally brought by the Columbia Mining Company against Anton M. Holter and others, for damages, for the diversion of certain water from plaintiff's mill, etc., and for an injunction.

There was a verdict and judgment for defendants below,

and also a decree dissolving the temporary restraining order, from which plaintiff appealed to this court.

The appeal was regularly heard at the last January term, the judgment below reversed, the order dissolving the temporary restraining order set aside and the cause remanded, with instructions to set aside the general verdict of the jury, and, upon the pleadings and special findings, render judgment in favor of plaintiff for nominal damages, and enter a decree granting a perpetual injunction as prayed for.

At the same term a motion of defendants, for a rehearing, was permitted to be filed and continued, the order of continuance entered *nunc pro tunc*, at the last term, specifying "without stay of proceedings."

At the following March term of the court below, on presentation of the remittitur and mandate, the judgment aforesaid of this court was executed as directed, to which defendants excepted, and have appealed to this court.

There is no complaint that the decree of the court below does not conform to the mandate of this court, nor that any misconduct or irregularity whatever was committed. The only error assigned is, that the court below entered a decree pursuant to the remittitur and mandate aforesaid, while the motion for a rehearing was pending above.

And the only question for us to consider now is, did this court, by reason of said motion, retain jurisdiction over the case so that the court below could not proceed to carry out the judgment above, according to its mandate, or did said motion operate *per se* as a supersedeas.

It is a rule of law that a motion for a new trial at law, which is a statutory right, does not operate of itself to stay the execution of a judgment, but requires a special order to that effect, on such terms as the court may prescribe.

And there is no substantial difference between a rehearing in equity, which opens the decree afresh, and places the case before the court for trial anew, and a new trial in a case at law tried and decided by the court.

A motion for a rehearing in this instance, not being even a right prescribed by statute, but simply by a rule of this

court, by a parity of reasoning, would not *per se* operate as a supersedeas, or stay of the remittitur and mandate, and not without a similar order.

And in this case it appears that the argument on the motion was, on the application of the defendants themselves, continued, and then only on the express condition that it should not operate as a stay of proceedings.

And this court having the right to prescribe the terms upon which such orders are made, and the continuance being allowed at defendants' own instance and request, they could not avail themselves of the favor and afterward repudiate the terms upon which it was granted.

But if it had operated as a supersedeas, the defendants have not saved, but, by their laches, waived the error.

Their remedy, in that event, would have been by application to the justices of the supreme court, who, in vacation as in term time, have authority over the writs of this court, and could have recalled the mandate and remittitur, or stayed the same till a rehearing could have been had.

A rehearing will not be granted in an equity cause, after it has been remitted to the court below, to carry into effect the decree of the court above, according to its mandate. And a subsequent appeal for supposed error in carrying into effect such mandate, brings up only the proceedings after the mandate. 5 Curtis' U. S. Sup. Ct. Decis. 220.

In this case, there being a positive direction, on filing and continuing the motion for a rehearing, that it should not stay proceedings, the remittitur and mandate were regularly and properly issued.

The mandate was the imperative command of a supervisory to a subordinate court.

The court below was powerless to disobey.

Disobedience would have been error, and, if admitted, the authority of this tribunal as a supreme and supervisory court would be annihilated.

If afterward, however, on motion for a rehearing, this court should reverse its former decision, which would rarely, if ever, be done, except upon some question deci-

sive of the case, duly submitted by counsel, but overlooked by the court, or the fact that the decision was in conflict with an express statute or a controlling decision, to which the attention of the court had not been directed, all decrees in pursuance thereof would, as a natural consequence, fall with the decision, the authority under which they were made.

And, in that event, defendants would at least have their remedy by action to recover back the money collected under the same.

Therefore we hold, that the motion for a rehearing did not operate as a supersedeas, and that the court below committed no error in entering the decree in conformity to the remittitur and mandate from the court above.

The action of the court below in carrying into effect the judgment of the supervisory court is sustained, and the decree affirmed.

*Judgment affirmed.*