KIMPTON, APPELLANT, *v.* THE JUBILEE PLACER MINING COMPANY ET AL., RESPONDENTS.

[Submitted July 9, 1895.   Decided July 15, 1895.]

SPECIAL FINDINGS—*General verdict.*—Special findings control the judgment even if the general verdict is contrary thereto.

SAME—*Water rights—Priority.*—In an action to determine priority to the use of the waters of a stream it is error to render judgment for the defendants for costs where it appeared from the special findings that while plaintiff and defendants derived title, with the water appurtenant, from a common grantor, plaintiff's deed was executed and recorded long prior to defendants'; that at the time of defendants' purchase plaintiff had a ditch carrying 200 inches which he used during the irrigating season; that 160 inches were necessary to properly irrigate plaintiff's ranch; that the water was conducted upon the land at the time of plaintiff's purchase and he had continued to use it; that defendants had not used the water in question for any beneficial purpose for five consecutive years before the commencement of the action,—since the findings warranted a judgment only for the plaintiff.

APPEAL—*New trial.*—Where the error of the court upon which a reversal is ordered did not occur during the trial but arose in rendering a wrong judgment upon the facts as found and undisputed, a new trial is not necessary but the case will be remanded for the entry of a proper judgment. (*Woolman* v. *Garringer,* 2 Mont. 405; *Collier* v. *Ervine,* Id. 557; *Barkley* v. *Teilcke,* Id. 435; *Middle Creek Ditch Co.* v. *Henry,* 15 Mont. 558; *Stackpole* v. *Hallahan, ante,* page 40, cited.)

APPEAL—*Rehearing.*—Where, after a rehearing had been ordered, it appeared that the time for the same had expired and that the remittitur had been sent to the district court and judgment entered thereon, the supreme court will decline to rehear the appeal in the absence of fraud, mistake or inadvertence in issuing the remittitur.

*Appeal from Fifth Judicial District, Jefferson County.*

ACTION to determine priority of water rights.   Judgment was rendered for the defendants below on the special findings by SHOWERS, J.   Reversed.

Statement of the case by the justice delivering the opinion.

This action was brought by the plaintiff to determine his right, as against the defendants, to the use of 200 inches of the waters of Crow creek for the purposes of irrigation.   He asks for a perpetual injunction restraining defendants from the use of said waters to the extent of his claim of 200 inches.   The plaintiff and the defendants claimed title from a common source. The plaintiff claimed the use of said waters by virtue of the conveyance to him of 160 acres of land with the said waters as appurtenant thereto.   The defendants claimed the use of said

water by virtue of later conveyances of land with the water appurtenant, from the same common source of title, and also set up the statute of limitations, as against the plaintiff's right. The case was tried to the court with a jury. The jury found a general verdict in favor of the plaintiff. They also made a large number of special findings. The court set aside the general verdict, and adopted all of the special findings, and entered judgment in favor of the defendants for their costs. Plaintiff appeals from the judgment. There is nothing before us but the judgment roll, containing the pleadings, verdict, findings and judgment. No motion for new trial appears to have been made, and the evidence is not before us. The findings are, therefore, the unquestioned facts. The matter for decision is whether the findings support the judgment. Appellant contends that they do not, but that, upon such findings, judgment should have been rendered for plaintiff. The other facts of the case are stated in the opinion below.

*Toole & Wallace, Cowan & Parker, Walsh & Newman* and *Shober & Rasch,* for Appellant.

*Henry C. Smith* and *Thomas J. Galbraith,* for Respondents.

DE WITT, J.—With the elaborate special findings contained in this case, the setting aside of the general verdict by the court is not important. Special findings control the judgment, even if the general verdict be contrary thereto. (Code of Civil Procedure 1887, § 275.)

As noted in the statement, the parties claim the use of the waters from a common source of title. The plaintiff's title is long prior to that of the defendants. He purchased the ranch many years before the defendants purport to have purchased certain other premises, with, as they claim, the same waters appurtenant thereto. The jury found that, when the plaintiff purchased the ranch, there were three ditches tapping the waters of Crow creek, and conveying the same to and upon the ranch of plaintiff during the irrigating season; that the

carrying capacity of said ditches at that time was, respectively, 800, 200 and 1,000 inches; that the grantors of plaintiff owned sufficient of the waters of Crow creek to supply said ditches. This last finding, however, must be interpreted to the effect that said grantors owned the use of sufficient water to supply the ditches.    It is also found that these ditches and waters were those mentioned in the deeds from plaintiff's grantors. These deeds, it is to be observed, were prior to the conveyances to defendant, the Jubilee Placer Mining Company. These deeds from plaintiff's grantors to him of said ranch and water right were duly acknowledged and recorded at the time the defendants purchased of plaintiff's grantors the right they claim in the water.    At the time when the defendants purchased whatever right they had in and to the use of the waters of Crow creek, the plaintiff had one ditch, which he used during the irrigating season in carrying the waters of Crow creek upon his ranch.    The carrying capacity of that ditch was 200 inches.    The amount of water requisite and necessary to properly irrigate plaintiff's ranch was 160 inches.    The plaintiff purchased this ranch, ditches and water right on the strength of the representations of his grantors that he was entitled to the use of said waters to the amount of 200 inches.    The plaintiff paid for said ranch, ditches and water right the sum of $3,190.    The plaintiff would be seriously and materially damaged if deprived of the use of said waters.    When defendants purchased from plaintiff's grantors, the said ditches were easily observed.    The jury also found that the defendants, or their grantors, had not used this water in question, nor has this water been used by them for the purpose of irrigating, or for their ordinary use, or for any other useful or beneficial purpose, for a period of five consecutive years before the commencement of this action.

Such were the findings which the court adopted, and upon which it rendered judgment for the defendants for their costs. How the court arrived at such a conclusion is to us inscrutable. The facts were found in favor of the plaintiff fully and completely.    Prior to the inception of the defendant's claim upon

the waters, plaintiff had bought his land from the defendants' grantor. He bought it with the water appurtenant thereto, with the water actually conducted upon the land. He continued to use the water. It was necessary for the cultivation of the land, and he would be damaged if he were deprived of the same. Plaintiff claimed 200 inches. By the findings he was allowed 160 inches. We do not obtain any light from the respondents' brief which enables us to understand the action of the court in entering a judgment absolutely contradictory to the findings.

Some questions of practice are discussed in respondents' brief, as well as that of appellant; but, in the view we take of the case, those questions are not important. One of them is as to whether the court in an equity case may set aside the findings or verdict as only advisory. But that question has long been at rest in this court. The only finding which the court set aside was the general verdict. But that, as remarked, is not important.

The respondents' counsel contends that it was the duty of the court, in rendering judgment, to construe the special findings in connection with all the testimony. It would seem, from the view that we are able to get of the case, that the court rendered its judgment totally without regard to the findings, and, perhaps, upon some testimony which is not before us. We know nothing about the testimony, and must assume that the findings are correct. If the court thought that the findings were not sustained by the testimony, it should not have adopted them, but should have made findings that the testimony supported. This judgment must be reversed, because not warranted by the findings. Furthermore, the findings are ample upon which to render a judgment in favor of the plaintiff, establishing his right to the use of 160 inches of the waters, to which the jury found him entitled. There is no occasion for a new trial in this case. The error of the court did not arise during the trial, within the contemplation of the cases below cited, but arose in rendering a wrong judgment upon the facts as found and undisputed. ( *Woolman* v.

*Garringer*, 2 Mont. 405; *Collier* v. *Ervin*, Id. 557; *Barkley* v. *Tieleke*, Id. 435; *Middle Creek Ditch Co.* v. *Henry*, 15 Mont. 558; *Stackpole* v. *Hallahan*, *ante*, page 40.)

It is therefore ordered that the judgment of the district court be reversed, and that the case be remanded, with directions to enter a judgment in favor of the plaintiff, determining his right to the use of said 160 inches of water, as found by the jury, and perpetually enjoining the defendants from interfering therewith.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.

## ON REHEARING.

[October 21, 1895.]

PER CURIAM.—After the decision of this case, we were of opinion that perhaps we should have exercised the discretion given us by section 441, Code of Civil Procedure, 1887, by granting a new trial, instead of ordering judgment. (*Schroeder* v. *Insurance Co.*, 60 Cal. 468; *Ehrichs* v. *De Mill*, 75 N. Y. 370, 376; *Thomas* v. *Insurance Co.*, 99 N. Y. 225; *Guernsey* v. *Miller*, 80 N. Y. 181.) We therefore, on our own motion, ordered a rehearing, but upon the rehearing it appeared that the time for the same, under the rules, had expired; that the remittitur had been sent to the district court, and judgment thereon entered in accordance therewith.

After a remittitur is issued, and the time for rehearing expires, and judgment is entered in the district court in pursuance to the judgment of this court, and it appears that there has been no fraud, imposition, mistake or inadvertence in issuing the remittitur, we are not sufficiently satisfied that we still have jurisdiction of the case to justify us in now rehearing the appeal. (*Mining Company* v. *Holter*, 1 Mont. 429; *Blanc* v. *Bowman*, 22 Cal. 24; *Rowland* v. *Kreyenhagen*, 24 Cal. 52; *People* v. *McDermott*, 97 Cal. 247; *People* v. *Village of Nelliston*, 79 N. Y. 638; *Hazard* v. *Cole*, 1 Idaho 305; *Delaplaine* v. *Bergen*, 7 Hill, 591; *Latson* v. *Wallace*, 9 How. Prac. 334; Hayne on New Trial and App., § 293.)

The original judgment of this court must remain.