BAKER, RESPONDENT, *v.* BUTTE CITY WATER CO., APPELLANT.

[No. 1,503.]

[Decided April 18, 1900.]

*Appeal and Error—Appeal Bond—Sufficiency—Motion to Dismiss—"Communis Error Facit Jus"—Defective Bond Reinstatement—New Bond.*

1. A single bond on appeal from a final judgment and from an order denying a new trial, conditioned to be void if appellant paid all damages and costs awarded against it on such appeals, or a dismissal thereof, is insufficient.
2. Where a motion to dismiss an appeal has been made, for insufficiency of the appeal bond, the maxim, "*Communis error facit jus*," does not apply, because a great many appeals during the past have been secured by undertakings equally as defective.
3. Code of Civil Procedure, Sec. 1740, provides that an appeal may be dismissed if the appellant fails to furnish the requisite papers; and, where a motion to dismiss for failure to file sufficient bond on appeal has been submitted, the court cannot permit the filing of a sufficient bond, and reinstatement of the appeal thereby.

*On Motion for Rehearing.    Denied.*

For former opinion, see *ante*, p. 31.

*Mr. Wm. H. De Witt* and *Mr. T. Bailey Lee*, for Appellant.

*Mr. J. E. Healy*, for Respondent.

**PER CURIAM.**—The appellant asks us to reconsider the order dismissing the appeal herein, made and entered on March 19th.    (*Ante*, p. 31, ·60 Pac. 488.)    Counsel makes the contention that the appeals from a judgment and an order denying a new trial, taken at the same time, are, in the nature of things, so intimately connected that the one must follow the other, whatever be the action of the appellate court.    Upon this assumption he bases his claim that the undertaking under consideration is sufficient, because it meets all the contingencies that can possibly arise.    If the judgment be affirmed, he says, the order denying a new trial must be affirmed.    An instance cannot be imagined where the judgment is affirmed, and a new trial granted.    On the other hand, a reversal of one reverses the other.    Conceding this argument to be correct so far as it goes, counsel overlooks the alternative of dismissal.    If one appeal is dismissed, does it follow, also, that the other is dismissed?    If the appeals are taken at different times, the appellate court may pass upon them at different times; and, though the ultimate result may be the same, yet the costs incident to each must follow the action of the court upon each, without reference to the effect such action may have upon the other in the subsequent proceedings in the trial court.    When the appeals are taken at the same time, the action of the appellate court thereon may be such that the costs are adjudged separately.    If, for instance, the time within which the appeal from the judgment may be taken has expired before the appeal is perfected, the appeal from the judgment will be dismissed, though the order be considered on its merits.    This was done in *Gallagher* v. *Cornelius*, 23 Mont. 27, 57 Pac. 447.    Again, the appeal from the order denying a new trial may be dismissed, and the appeal from the judgment be decided upon its merits, as was the case in *McLeod* v. *Dickenson*, 11 Mont. 438, 28 Pac. 551, in *Grinnell* v. *Davis*, 20 Mont. 222, 50 Pac. 556, and in *Demers* v. *McCormick*, 5 Mont. 234, 2 Pac. 350.    Would it necessarily follow that the costs incident to the appeal dismissed in each of such instances would follow the action of the court upon the other ?    We

think not.    Again, it is sometimes the case that the appeal from the order denying a new trial is, in effect, affirmed, and the judgment reversed.    This is the case where, upon the record in this Court, it appears that the district court has entered the wrong judgment, and is by the judgment of this Court directed to modify it, or to enter an entirely different judgment, without a retrial of the issues.    (*Kimpton* v. *Jubilee Placer Mining Co.*, 16 Mont. 379, 41 Pac. 137, 42 Pac. 102, and cases cited.)    In case the judgment is modified, the costs will be adjudged at the discretion of this Court.    (Code of Civil Procedure, Section 1855.)    If the two appeals in such cases are to be regarded as one, then an undertaking conditioned to secure the ''appeal'' (using this term in the singular) should be sufficient; but such an undertaking is held to be void, because it cannot be properly referred to either. (*Kelly* v. *Leachman*, Idaho, 51 Pac. 407.)    Using the same argument, an undertaking referring to both appeals, without alternative conditions referring to each separately, so as to bind the sureties to meet all the contingencies which may arise, is, to say the least, insufficient.    Upon a dismissal of either appeal the respondent is entitled, as a matter of course, to his costs incident thereto.    (Section 1855, *supra.*)    Upon a reversal or modification of the judgment without a new trial, he is entitled to recover his costs incident to the appeal from the order denying the same.    The appeals may be intimately connected, but not so much so that the costs incident to each may not be adjudged separately.    An appeal in any instance is allowed only by statute, and the respondent is entitled to insist upon being indemnified against any costs accruing to him thereby.    ''The question as to the validity and effectiveness of a bond assumes a different form in a case where the obligors seek to escape liability from that which it wears in a case where the appellee appropriately and opportunely demands a bond properly worded and executed.    The cases are radically different, and are governed by very different rules.    It is obvious that an appellee who properly and duly demands a bond executed in conformity to the require-

ments of the law occupies a very different position from that occupied by parties who seek to defeat a recovery upon the bond. Defects not available to defeat a recovery on the bond may be sufficient to entitle an appellee to a new bond. An appellee is not bound to incur the risk or the expense of an action upon an imperfect bond, and hence he may, by a seasonable and appropriate application, require that one conforming to the law shall be executed, while, on the other hand, it is, in strictness, the duty of the party who prosecutes the appeal to execute and file such a bond as the law requires.'' (Elliott, App. Proc., Sec. 365.) The only way provided by our statute by which application can be made by respondent for an undertaking that will fully protect him is by motion to dismiss.

Counsel argues that, though the undertaking may be defective, yet the legal maxim, "*Communis error facit jus,*" is applicable, and should in this instance be allowed the force of law, because a great many appeals to this Court during the past have been secured by undertakings equally as defective as the one under consideration. Granted that this is true; the particular error asserted by him to be so common as to warrant this Court in giving it the force of law does not appear to have had any recognition either by this Court or the profession generally. So far as we are informed, this is the only instance in which it has been brought to the attention of this Court, directly or indirectly. The maxim invoked was discussed in *O'Donnell* v. *Glenn*, 9 Mont. 452, 23 Pac. 1018, 8 L. R. A. 629, and the general rules under which it may be applied are there stated; but there is no room for the application of any of them here.

Counsel insists that, in the event the court does not agree with him as to the sufficiency of the undertaking, he may still be permitted to file another, and thus reinstate the appeal. The Court has no authority to permit this after the motion to dismiss has been submitted. (Code of Civil Procedure, Section 1740.) The statute is clear and explicit, and leaves no room for discretion. Inasmuch, however, as the time within

which an appeal from the judgment may be taken has not expired, the order dismissing the appeal may be modified so that it may be without prejudice.

The motion for rehearing is denied.               *Denied.*

Mr. Justice Hunt:  I think a rehearing should be granted.