## FAUST, Respondent, *v.* RUSTLER MINING AND MILLING COMPANY et al., Appellants.

### (No. 2,284.)

(Submitted June 9, 1906. Decided July 6, 1906.)

*Appeal—Undertakings—Sufficiency.*

Appeal—Bond—Sufficiency.

1. A bond on appeal from an order appointing a receiver, and from an order refusing to vacate the appointment, which recites that in consideration of "such appeal" defendant, as principal, and his surety, undertake to pay all damages and costs which may be awarded against defendant "on the appeal," is void for uncertainty in that it cannot be ascertained therefrom for which of the two appeals liability is assumed, and confers no jurisdiction on the appellate court.

Appeal—Void Undertakings—Curing Defects.

2. Where an appeal bond is void, a new undertaking approved by one of the justices of the supreme court, filed before the motion to dismiss was submitted, did not give the court jurisdiction of the appeal, since, under Code of Civil Procedure, section 1740, such supplemental bond is only permissible where the original undertaking is merely insufficient and not void.

*Appeal from District Court, Flathead County; J. E. Erickson, Judge.*

Action by L. H. Faust against the Rustler Mining and Milling Company and others. From an order appointing a receiver, and from an order refusing to vacate the appointment, defendant the Rustler Mining and Milling Company appeals. Dismissed.

*Messrs. Grubb & Rhoades,* and *Mr. C. H. Foot,* for Appellant Rustler M. & M. Co.

*Messrs. McIntire & Kendall,* and *Mr. D. F. Smith,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Appeals from an order appointing a receiver to take charge of the property and business of the defendant corporation, the

Rustler Mining and Milling Company, *pendente lite,* and from an order refusing to vacate the order of appointment.

Soon after the transcript was filed with the clerk of this court the plaintiff interposed a motion to dismiss the appeals on the ground, among others which it is not now necessary to consider, that the undertaking is void. The undertaking recites that whereas the defendant has appealed from the order appointing a receiver of the property, affairs and effects of the defendant, and also from the order overruling the application to vacate and set aside said order appointing the receiver, "Now, therefore, in consideration of the premises and such appeal," the defendant, as principal, and the surety company (naming it), as surety, undertake that appellant will pay all damages and costs which may be awarded against the appellant "on the appeal," etc., not exceeding $600.

After some consideration of the question presented, the decision of the motion was deferred until the hearing on the merits, for the reason that the court was not satisfied that the undertaking was wholly defective and desired argument of counsel. After further consideration, however, we have concluded that, under the rule of construction laid down in *Creek* v. *Bozeman Waterworks Co.,* 22 Mont. 327, 56 Pac. 362, *Washoe Copper Co.* v. *Hickey,* 23 Mont. 319, 58 Pac. 866, and *Baker* v. *Butte City Water Co.,* 24 Mont. 113, 60 Pac. 817, the undertaking is not valid for any purpose. The form of it is exactly the same in substance as were the undertakings in these cases, the only difference being the amount of the penalty. This feature can make no difference, however, in the application of the rule, for the use of the expressions "such appeal" and "the appeal" renders it impossible to determine with any degree of certainty the one of the appeals with reference to which liability is assumed.

Before the motion was submitted, a new undertaking, approved by the chief justice, was filed with the clerk of this court, upon the theory that the undertaking is merely defective and not void. This cannot avail to sustain the appeals. Section 1740 of the Code of Civil Procedure permits such a

course only when the original undertaking is merely insufficient and not void. (*Pirrie* v. *Moule*, 33 Mont. 1, 81 Pac. 390.)

The undertaking being void, this court has no jurisdiction to consider the appeals on the merits. The motion is therefore sustained.

*Dismissed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.