[No. 11212. In Bank. — October 27, 1888.]

## SAN FRANCISCO AND NORTH PACIFIC RAILROAD COMPANY, APPELLANT, *v.* WILLIAM N. ANDERSON, RESPONDENT.

PRACTICE — APPEAL — CLERK'S CERTIFICATE TO TRANSCRIPT — FILING UNDERTAKING. — The undertaking on appeal is not one of the papers required to be set out in the transcript by sections 950, 951, and 952 of the Code of Civil Procedure, and should not be embodied therein. If it be embodied therein, a certificate by the clerk to the correctness of the transcript cannot be construed as a certification that an undertaking in due form has been properly filed.

ID. — CERTIFICATE OF FILING UNDERTAKING — DISMISSAL. — Under section 953 of the Code of Civil Procedure, the certification by the clerk to the correctness of the transcript must be accompanied by his certificate that an undertaking on appeal, in due form, has been properly filed. If his certificate be wanting in this respect, and no corrected certificate supplying the omission be filed, the appeal will be dismissed.

ID. — OBJECTION TO CERTIFICATE — NOTICE TO DISMISS APPEAL. — Under rule 13 of the supreme court, a formal written notice of motion to dismiss

the appeal, on account of the insufficiency of the certificate, is unnecessary. It is sufficient if the respondent, in his brief filed at least five days before the hearing, points out his objection to the certificate, and asks therein that the appeal be dismissed.

APPEAL from a judgment of the Superior Court of Marin County, and from an order refusing a new trial.

The action was brought for the claim and delivery of certain personal property. Judgment was rendered in favor of the defendant, from which, and from an order refusing it a new trial, the plaintiff appeals. The further facts are stated in the opinion of the court.

*E. S. Lippett*, for Appellant.

*Hepburn Wilkins*, for Respondent.

WORKS, J.—In this action the respondent asks that the appeal be dismissed, on the ground that the clerk's certificate to the transcript is insufficient.

The certificate is as follows:—

"I, Thomas S. Bonneau, county clerk of the county of Marin, and *ex officio* clerk of the superior court in and for said county, hereby certify that I have compared the foregoing transcript with the original papers now on file in my office, and that the said transcript is correct."

Sections 950, 951, and 952 of the Code of Civil Procedure provide that the appellant must furnish copies of certain papers to this court on appeal.

Copies of such papers as are here designated must be set out in and become a part of the transcript. The undertaking on appeal is not one of the papers named in either of these sections, and should not be embodied in the transcript. The code further provides:—

"Sec. 953. The copies provided for *in the last three sections* must be certified to be correct by the clerk or the attorneys, and *must* be accompanied with a certificate of the clerk or attorneys *that an undertaking on appeal, in*

*due form, has been properly filed,* or a stipulation of the parties waiving an undertaking."

This section imperatively requires a certificate from the clerk that an undertaking on appeal, in due form, has been properly filed. The certificate before us wholly fails to comply with the statute in this regard, and no stipulation waiving the undertaking is shown. The certificate is therefore clearly insufficient. The appellant, instead of applying to this court, as it might have done, for leave to file a corrected certificate, contends against the motion to dismiss: —

1. On the ground that, under rule 13 of this court, an objection of this kind must be taken and notified to the appellant in writing, at least five days before the hearing. The respondent has pointed out, in his printed brief, the objection to the certificate, and asks therein that the appeal be dismissed. This being done within the time required by the rule is a sufficient compliance with its provisions. A formal notice is unnecessary.

2. That as the undertaking on appeal is set out in the transcript, and appears to be in due form, the certificate of the clerk that the *transcript* is correct is a sufficient compliance with the requirement of the code.

As we have shown, the undertaking is improperly set out in the transcript, and forms no part of it. This being true, a certificate that the *transcript* is correct cannot be construed as certifying that a copy of a paper, not properly a part of it, is in due form and has been properly filed. The requirements of the section of the code under consideration are plain and explicit, and should be complied with.

It has been held by this court that it was sufficient to set out the undertaking in the transcript, and certify to its correctness. (*Wakeman* v. *Coleman,* 28 Cal. 58.) But this was under an entirely different provision. (Practice Act, sec. 346. See, as bearing on the point, *Bennett* v. *Bennett,* 42 Cal. 629.)

The objection to the certificate is well taken.
Appeal dismissed.

SHARPSTEIN, J., MCFARLAND, J., PATERSON, J., and
THORNTON, J., concurred.