[S. F. No. 430.   Department Two.—August 17, 1896.]

CLAUS SPRECKELS ET UX., APPELLANTS, v. RUDOLPH SPRECKELS, RESPONDENT.

APPEAL—DOUBLE UNDERTAKING ON TWO APPEALS—MOTION TO DISMISS—PERMISSION TO FILE NEW UNDERTAKING.—Where, upon two appeals, one from an order dissolving an injunction, and the other from the judgment, but one undertaking is given, reciting both appeals, and specifying a joint and several obligation in the sum of six hundred dollars for the two appeals, or either of them, such undertaking, if not sufficient in form, affords a sufficient basis to permit a new undertaking to be filed in the supreme court for each appeal.

ID.—DEGREE OF SUFFICIENCY—JURISDICTION TO ALLOW NEW UNDERTAKING.—Where a bond does not refer to either appeal it is tantamount to no bond, and no new bond can be permitted to be filed in such case; but it cannot be held that unless the undertaking is sufficient to sustain an appeal, the supreme court has no jurisdiction to allow a new undertaking to be filed, but the undertaking may be so defective that the appeal will be dismissed unless a new undertaking be filed.

ID.—ORDER DISSOLVING INJUNCTION—FAILURE TO FURNISH AUTHENTICATED PAPERS—BILL OF EXCEPTIONS—DISMISSAL OF APPEAL.—An appeal from an order dissolving an injunction must be heard upon the papers and evidence used in the hearing in the court below, which must be incorporated in a bill of exceptions in accordance with rule XXIX of the supreme court, or authenticated by the judge as having been used at the hearing of the motion, and as being all of the papers and evidence so used; and upon failure to furnish such bill of exceptions or authentication, the appeal must be dismissed.

MOTION to dismiss appeals from a judgment of the Superior Court of the City and County of San Francisco and from an order dissolving an injunction.

The facts are stated in the opinion of the court.

*Delmas & Shortridge,* for Appellants.

*Rothchild & Ach,* for Respondent.

TEMPLE, J.—In this case two appeals were taken by plaintiffs—one from an order dissolving an injunction, the other from the judgment.   Only one undertaking on appeal was given, which was intended to serve for both appeals.   The undertaking sufficiently recites the order and the judgment, and the sureties stipulate " that the said appellants will pay all damages and costs which may be awarded against them, or either of them, on the appeals, or either of them, or on the dismissal thereof, or of either of them, not exceeding six hundred dollars, to which amount we acknowledge ourselves jointly and severally bound."

The statute requires an undertaking for each appeal, to the effect that the appellant will pay all damages and costs not exceeding three hundred dollars.   When there are several appeals in the same case, the different undertakings may be in the same instrument.   (*Sharon* v. *Sharon,* 68 Cal. 326.)   The instrument should, however, contain an undertaking for each appeal.   A motion to dismiss both appeals was made, based upon the supposed defects of the undertaking.   It is claimed that it does not constitute an undertaking in either appeal, and that this court has no jurisdiction.

The undertaking is jurisdictional only because it is made so by statute.

In section 954 of the Code of Civil Procedure it is provided that "no appeal can be dismissed for insufficiency of the undertaking thereon, if a good and sufficient undertaking, approved by a justice of the supreme court, be filed in the supreme court before the hearing upon motion to dismiss the appeal."   We are given jurisdiction by the constitution, and the statute is valid only because it is a reasonable regulation of the exercise of that jurisdiction.   It is a mere rule of practice, and is just what the statute makes it.   It could have been

provided that an undertaking should be filed after the motion was noticed, although none had been previously given.

The provision is that a new undertaking may be filed in cases where the undertaking already given is so insufficient that, but for the privilege of giving a new one, the appeal would be dismissed. For it is implied that, in some cases, the appeal will be dismissed, unless a new undertaking be filed.

It cannot be held, then, that, unless the undertaking is sufficient to sustain an appeal, this court has no jurisdiction to allow a new undertaking.

But an undertaking may be so insufficient as not to amount to an undertaking at all. To allow the filing of an undertaking in such a case would not be to allow a new undertaking in lieu of an original, which is all the court is authorized to do.

The cases cited are really cases in which it could not be said that any undertaking at all had been filed. In *Home and Loan Associates* v. *Wilkins,* 71 Cal. 626, two appeals were taken, and one bond of three hundred dollars given. It did not show to which appeal it applied, and could not be considered as applying to either. The same is true of several other cases cited.

We cannot, in advance, say what degree of insufficiency will be tantamount to no bond. It has been held, however, that where the bond fails to recite the appeal —that is, where it does not purport to be in consideration of the appeal—it is absolutely ineffectual. That cannot be said of the present undertaking. Indeed, it is doubtful if it is not entirely sufficient. We think, therefore, it is a case in which new undertakings may be filed.

A motion was also made to dismiss the appeal from the order dissolving the injunction on the ground that the appellant had failed to furnish the requisite papers.

Such an appeal must be heard upon the papers used on the hearing in the court below. (Code Civ. Proc., sec. 951.) Rule XXIX of this court is: "In all cases

of appeal to this court from the orders of the superior courts, the papers and evidence used, or taken on the hearing of the motion, must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by law."

Manifestly, the appeal from the order comes directly within this rule. Appellant proposes now to bring up all the papers on file in the court below. But, aside from the fact that the rule prescribes a different method, the deficiency could not be thus supplied. This would not show what papers were used on the hearing of the motion in the court below. It is not of interest to know upon what papers the notice given based the motion, but what were read. And then evidence may have been taken, or papers read, which are not on file. We are not required to select from the mass of papers those which are pertinent or which were used. That must be done in the court below.

The motion to dismiss both appeals, because of the insufficiency of the undertaking, is denied, and the new undertakings filed are approved and accepted as the undertakings on appeal, but the appeal from the order dissolving the injunction is dismissed upon the ground last discussed.

McFARLAND, J., and HENSHAW, J., concurred.