MORSE, RESPONDENT, *v.* CALLANTINE, APPELLANT.

[Submitted January 8, 1897.  Decided January 18, 1897.]

*Judgment by Default—Vacating—Bond on Appeal.*

DEFAULT JUDGMENT—*Vacating.*—M sued C and H; H retained an attorney to defend himself and C; a demurrer to the complaint was filed in behalf of both defendants, and C was informed and believed that the attorney would conduct his defense, which was the same as that of H; and that no further step would be necessary until April 1st. Demurrer was overruled and an answer filed in behalf of H only, which showed a good defense as to himself and C also; no replication having been filed (as required at that time), H moved for judgment on the pleadings; the plaintiff then (in March) dismissed the action as to H and took judgment by default against C. *Held*, that C's motion to set aside default, based upon an affidavit setting forth the above facts and accompanied by an answer showing a meritorious defense and similar to the answer of H, should have been granted.

SAME.—That such motions are addressed to the sound discretion of the court, and that the order denying the motion was an abuse of discretion and accordingly reversible by this court.

BOND ON APPEAL.—The appeal was from the judgment and from the order denying C's motion to open the default; only one cost bond was filed; respondent did not make any motion to dismiss upon this ground; but the point was raised in his brief and oral argument. *Held*, that the error, if any, could not be presented in that manner. *Held, also*, that only one cost bond is necessary on an appeal from a judgment and order contained in one record.

SAME.—Where respondent moves to dismiss an appeal on account of defect in the appeal bond, appellant may file a sufficient bond, before the motion is decided.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

ACTION by Ebenezer Morse against Felix Callantine. Plaintiff had judgment by default, and defendant appeals. Reversed.

Statement of the facts by the justice delivering the opinion.

The plaintiff in this case brought this action against defendants Stillman Huling and Felix Callantine, alleging in his complaint that in March, 1893, he was the owner and in possession of 520 acres of land described in the complaint, and that on the 16th day of March, 1893, he sold said land to the defendant Huling, reserving unto himself the right to use and lease, free of charge, about 20 acres of said tract of land, which was then used as an orchard, and for the raising of small fruit, and which he was to have, under said lease, for a period of three years from April 1, 1893. It is further alleged that the deed from the plaintiff to Huling contained the contract of the lease of said 20 acres of land. The complaint alleges that the plaintiff immediately after the execution of the deed entered into the possession of the 20 acres of land mentioned, and continued to be and remained in possession thereof at all times, and until on or about the 1st day of June, 1894; that in November, 1893, the defendant Huling sold and conveyed the tract of land, including the 20-acre orchard, to the defendant Felix Callantine, who, when he purchased the tract of land and took his deed therefor, had full knowledge of the rights of the plaintiff in the 20 acres, and of his possession thereof, and that he took his deed subject to the right of the plaintiff to the possession of the 20-acre orchard; that on or about —— day of May, 1894, defendants, and each and both of them, forcibly and with arms, and threats of bodily injury, and without any cause whatever therefor, drove the plaintiff from said tract of land, and forbade and refused to allow the plaintiff to use and enjoy said tract of land as by said contract and deed he was entitled to use and enjoy it, and that at all times since then, and now, the defendants, and each of them, refused to allow the plaintiff to enter upon said land, or any part thereof; that the said 20-acre tract of land was planted in small fruit and plants, garden and nursery stock, including various kinds of fruit trees and plants, then owned and raised by the plaintiff for sale; that the fair, reasonable, and rental value for the profit and use of said land during the years 1894 and 1895, was

$1,000 per year. The complaint further alleges that the plaintiff had upon said 20 acres a large amount of personal property, which is itemized in an exhibit attached to the complaint, of the value of $230, which the complaint alleges the defendants, and each and both of them, took and converted to their own use and benefit, without the consent of the plaintiff. The plaintiff asked judgment against the defendants, and each of them, for $2,230, being the rental value of said 20 acres of land for two years and the value of the personal property alleged to have been converted by the defendants. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, that it was indefinite and uncertain, and that there was a misjoinder of parties defendant and a misjoinder of causes of action. This demurrer was overruled by the court. Thereafter the defendant Huling filed his answer, and denied that the plaintiff continued in possession of the 20-acre tract of land until June 1, 1894, and alleged that he voluntarily quit the possession of the same on November 19, 1893, pursuant to an agreement with said Huling. The answer denied that plaintiff took possession of the 20-acre tract under the contract or deed above mentioned, but averred that on March 27, 1893, Huling executed a written lease to plaintiff for the said 20-acre tract, pursuant to the terms of the contract originally entered into between the plaintiff and defendant Huling, and under which lease plaintiff entered into possession of the said 20 acres of land, and under which he remained in possession until the 3d day of May, 1893, when, for a valuable consideration, he sold, assigned, and transferred to the defendant Huling all his interest in the 20-acre tract of land, and surrendered the lease to said Huling. The answer denied that when the conveyance of the land was made to the defendant Callantine plaintiff had any interest whatever in the 20-acre tract, or that Callantine took the deed subject to any right of the plaintiff, or that the plaintiff ever had any right therein after May 3, 1893, the date on which it is alleged plaintiff sold his lease to the defendant Huling; denied that either of the defendants, at the

times mentioned in the complaint, forcibly, or with threats of bodily injury, or at all, drove the plaintiff from the land, but alleged that he voluntarily left the land after the surrender to Huling of the lease for a valuable consideration.    The answer affirmatively alleges that on the 8th day of April, 1893, in a suit pending in the district court in and for Gallatin county, wherein J. D. McCammon was plaintiff and this plaintiff was defendant, a judgment was duly entered in favor of said Mc-Cammon and against this plaintiff, Morse, and that on April 15, 1893, an execution was issued, which, in default of sufficient personal property to satisfy the same being found, was duly levied upon the right, title, and interest of said plaintiff, Morse, in and to the said 20 acres of land, the same having been previously attached by the sheriff of said county; and, after being advertised for sale, the sheriff, on June 1, 1893, sold all the right, title and interest and claim of the said plaintiff, Morse, in and to the said land to said McCammon for $226.72; that no redemption from this sale was made by plaintiff, Morse; that McCammon assigned his certificate of sale to the defendant Huling, who, at the expiration of six months for redemption, to-wit, on August 1, 1894, received from the sheriff a deed for the land, which deed conveyed to him all the right, title, and interest of plaintiff, Morse, therein; and that the said plaintiff, since April 8, 1893, had no interest whatever in said land, and that the defendant Callantine owned the same free from any right, interest or claim or right of possession of said plaintiff, Morse, under any lease or agreement or contract whatever.    The answer also pleads a misjoinder of parties and a misjoinder of action.    It denies the conversion of the personal property mentioned in the complaint, as well as the value thereof, and alleges that on the 21st day of December, 1893, there was a full settlement of all the claims which plaintiff had against the defendants on account of the alleged conversion of the said personal property made between the plaintiff and the defendant Huling; and that a suit which was then pending between the plaintiff, Morse, and defendant Huling for damages for the conversion of said

property in the district court of Gallatin county was dismissed as settled. On the 18th day of March, 1895, defendant Huling moved the court for judgment on the pleadings, on account of plaintiff's failing to file a replication to the answer, which motion was denied, the court giving to the plaintiff three days in which to reply. On March 20, 1895, the plaintiff, instead of filing his replication to the answer of defendant Huling, dismissed the action as to said defendant without prejudice, and took judgment by default against the defendant Callantine, who had not answered, in the sum of $1,038.75.

On April 5, 1895, the defendant Callantine, the appellant in this cause, filed his motion in the district court to be relieved from the judgment by default rendered against him, and to vacate and set the same aside, tendering with said motion an answer, and which motion was supported by the affidavits of himself, defendant Huling, and W. S. Hartman. The answer tendered by defendant Callantine with his motion to open the default against him set up the same facts substantially as those pleaded in the separate answer of the defendant Huling. The affidavits of both of the defendants in support of the motion to open the default in this case show that the defendant Huling had employed counsel to defend the suit as to both of the defendants, and that in pursuance of such employment counsel had filed a joint demurrer to the complaint of plaintiff. Both these affidavits show that the defendant Callantine believed, and had reasons to believe, that the counsel employed by Huling was employed to defend the action as to both defendants, and that they would do so. Both of these affidavits also show that about the 19th day of January, 1895, both of the defendants, after consultation with counsel then employed and acting in the case, got the impression that it would not be necessary to do anything further in the case before the 1st day of April, 1895, that being the first day of the next term of the district court in said county; that they both left the court under that impression; and that, as soon as defendant Callantine learned that judgment by default had been

taken against him, he took immediate steps to have the same set aside. It appears from the record that the defendant Huling had sold the land in controversy to Callantine, and given him a warranty deed therefor, and that when the summons was served on Callantine he immediately notified his co-defendant, Huling, of the fact, when Huling assured him that he need not give himself any trouble about the matter, and that he would take the necessary steps, and defend the suit; and it appears further that Huling, in accordance with said agreement, did so, and supposed he had employed counsel to defend the suit to the end of the litigation. The defendant Callantine appeals from the judgment and order of the court refusing to open the judgment by default, and also from an order made by the court refusing to modify the judgment.

*Hartman Bros. & Stewart* for Appellant.

*Toole & Wallace* for Respondent.

PEMBERTON, C. J.—The only question we deem it necessary to determine in this case is as to whether the district court erred in refusing to open and set aside the judgment by default entered in the case against the defendant Calantine. If the court in this matter abused that sound discretion which should control in such cases, then its action was erroneous. To determine this question we must consider all the facts and circumstances of the case as they were presented to the court at the time of the ruling on the motion to set aside the judgment by default. From the facts as shown in the affidavits of both of the defendants, and contained substantially in the statement, we are of the opinion that Callantine believed, and had a right to believe, that counsel had been employed by his co-defendant to attend to the case for both defendants to the end of the litigation. If he was guilty of negligence in this respect, it was certainly excusable negligence. As soon as he learned that the counsel employed in the case had withdrawn as far as he (Callantine) was concerned, and permitted judgment by default to be entered against him, he took immediate steps to

have the same set aside.    But there is a more serious question affecting the discretionary action of the court disclosed by the record.    Huling's separate answer contained an absolute defense for himself and Callantine as well.    Not only so, it set up such a state of facts, which, if true, would show it to be a serious wrong for any court to enter judgment in favor of plaintiff against either defendant.    The court's attention had been called to this answer by Huling's counsel asking judgment on the pleadings.    The court, properly enough, instead of granting this motion, gave plaintiff three days to deny the facts pleaded in the answer.    For some reason plaintiff declined to reply, preferring seemingly to pursue the easier course of dismissing his action as to Huling, and taking a judgment by default against Callantine, who was technically, but we think excusably, in default.    Callantine tendered with his motion to set aside the default an answer containing substantially the same facts which had been pleaded in Huling's answer, and which plaintiff declined to traverse by replication when the court gave him leave to do so.    Under all the circumstances of the case we think the court should have opened the default, and permitted appellant to answer, and defend the suit, and that the action of the court in refusing to do so was error.

All cases of this kind depend largely upon their own facts. It seems to us that a judgment against the appellant for a large sum of money, under all the circumstances of the case, would operate as an injustice, and that a refusal of the court to open the default and permit the appellant to defend the suit, when the circumstances showed such injustice, was such an abuse of judicial discretion as to constitute reversible error in the case. Counsel for respondent contends that, as there are three appeals in this case, to-wit, an appeal from the judgment, an appeal from the order refusing to open the default, and an appeal from the refusal of the court to modify the judgment, and that as only one appeal bond is given, such bond is insufficient to give this court jurisdiction of the case.    This point is not raised by counsel for respondent by a motion to

dismiss, but in his printed brief.    It is urged also in his oral argument.    We do not think the question of the insufficiency or invalidity of the appeal bond is properly presented.    The bond, in our opinion, is evidently not absolutely void; and, if the bond should be considered for any reason defective, we are of the opinion that the appellant would have the right, on a motion to dismiss the appeal on account of any defect therein, to make and file, pending such motion, a sufficient bond. See *Spreckles* v. *Spreckles*, (Cal.) 45 Pac. 1022.    And besides this court has not only held to the doctrine that, if an appeal bond was defective, a sufficient one might be filed pending a motion to dismiss on account of such defect, but in *Watkins* v. *Morris*, 14 Mont. 354, 36 Pac. 452, this court held that "but one cost bond is required in appealing from a judgment and an order, where such appeal is consolidated into one record."

There are other assignments of error in the record.    The appellant contends that the court erred in overruling the demurrer of the defendants, among other things.    But we think it unnecessary to pass upon these questions, as the case must go back with instructions to sustain the motion to set aside the judgment entered by default against the appellant.    The question of sufficiency or insufficiency of the pleadings may also again be presented to the court, or the appellant may rely upon the merits of his case as disclosed in his answer, which, under this decision, he will be permitted to file.    The judgment and orders appealed from are reversed, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

*Reversed.*

HUNT and BUCK, JJ., concur.