STATE EX REL. PIERSON, RESPONDENT, *v.* MILLIS, CHAIRMAN OF THE BOARD OF COUNTY COMISSIONERS, RESPONDENT.

[Submitted April 12, 1897. Decided April 26, 1897.]

*Appealable Order—Order Denying Retaxation of Costs— Record on Appeal—Certificate of Clerk.*

APPEALABLE ORDER—*Cost.*—An appeal does not lie directly from an order denying a motion to retax costs; the appeal should be from the judgment.
RECORD ON APPEAL -*Clerk's Certificate.*—Under section 1739, Code of Civil Procedure, the certificate of the clerk to the record on appeal should state "that an undertaking on appeal in due form was properly filed."

*Appeal from District Court, Carbon County. Frank Henry, Judge.*

MANDAMUS on the relation of George W. Pierson against O. E. Millis, chairman of the board of county commissioners for Carbon county. Judgment was entered against defendant, who failed to appear, and from a special order thereafter made, denying his motion to reform said judgment and quash the alias execution, he appeals. Dismissed.

Statement of the case by the justice delivering the opinion.

It appears that a proceeding in mandamus was instituted in the district court of the Sixth judicial district in the name of the state at the relation of the county attorney of Carbon county to compel the appellant, who was chairman of the board of county commissioners of said county, to sign a warrant in payment of relator's official salary. Appellant was served with process, but failed to appear, and on July 10, 1895, judgment was rendered against him for the relief prayed for in the complaint and for the sum of $11.70 costs. These costs were included in the judgment at the time it was signed. Execution for said costs was issued on the judgment on November 23, 1895. On December 13th a notice of motion and a motion, both in writing, were filed by appellant in said court, and upon appellant's application the execution was stayed pending the determination of the motion. The motion was as follows :

''Now comes the defendant in the above entitled action, and moves the court to reform the judgment herein by striking out the words and figures 'eleven and 70-100 ($11.70),' for the reason that the records do not show that the memorandum of the costs was ever filed with the clerk of said court as required by law and that a copy of said bill or memorandum of of costs was served upon the defendant as required by law; and to quash the alias execution herein, for the reason that the said execution directs the sheriff to make said sums claimed to be due on said judgment for costs out of the property of the said O. E. Millis personally, whereas the judgment is against O. E. Millis, chairman of the board of county commissioners for the county of Carbon, and hence the county is

responsible for the judgment, and not O. E. Millis; and for the reason that the execution recites that a judgment was rendered for eleven and 70-100 dollars damages, instead of eleven and 70-100 dollars costs; and that until this motion can be heard and determined by the court, that the judge thereof will order said alias execution, and all proceedings thereunder, stayed.''

This motion was denied on February 17, 1896, and two days later a notice of appeal was filed, reciting that an appeal was taken from the special order made after final judgment.

The clerk's certificate in this transcript on appeal is as follows :

"[Title of court and cause.] I, H. E. Newkirk, clerk of the district court of the Sixth judicial district of the state of Montana, in and for the county of Carbon, do hereby certify as follows :

"(1) That the foregoing is a true and correct transcript and record of the proceedings pertaining to the motion to reform the judgment and quash the alias execution made and issued in the above-entitled action, and constitutes in full the papers used upon the hearing of said motion in this court.

"(2) That no memorandum of costs or disbursements has ever been filed in said cause, and that none has ever been filed with an acceptance of service of defendant or his attorney indorsed thereon.

"(3) That a good and sufficient undertaking on appeal was filed in said action by defendant or his attorney within the time allowed by law, to-wit, on the 21st day of February, A. D. 1896, and that such undertaking is now in the custodianship of this office.

"In witness whereof I have hereunto set my hand and affixed my official seal the day and year in this certificate written below. Dated May 22d, 1896. [Signed.]''

*W. F. Meyer,* for Appellant.

*A. J. Campbell* and *George W. Pierson,* for Respondent.

BUCK, J.—This purported appeal is from a special order made in the case after final judgment. *Rader* v. *Nottingham*, 2 Mont. 157, affirmed in *Orr* v. *Haskell, Id.* 350, holds that an order overruling a motion to retax costs is not appealable. These cases are cited with some apparent doubt in *Mining Co.* v. *Weinstein*, 7 Mont. 346, 17 Pac. 108, but without disapproval, and are also commented upon in *Ryan* v. *Maxey*, 15 Mont. 100, 38 Pac. 228, and *Bank* v. *Boyce*, 15 Mont. 175, 38 Pac. 829. They still, however, correctly enunciate the law of Montana, that, in order to review a ruling on a motion to retax costs, an appeal must be taken from the judgment. Even if the record in the present case was in proper form, which we shall presently show it is not, there being no appeal from the original judgment, we are not in a position to review that portion of the order attempted to be appealed from which pertains to the retaxation of the costs. It is true the motion is designated as one to reform the judgment, but, in substance, that part of it is in the nature of a motion to retax costs in a judgment. Whether erroneously or not, these costs were included in the judgment at the time of its rendition. An objection to them could only be considered with the judgment before us on a direct appeal from the judgment itself.

This would leave for the consideration of this court, then, the question only of whether or not the lower court erred in refusing to quash the execution on some other ground than the costs contained in the judgment. But the record is in such a condition as to present absolutely nothing for review. The certificate of the clerk is fatally defective in itself. It fails to state, as required by section 1739, Code of Civil Procedure 1895, that an undertaking on appeal in due form was properly filed. See *Railroad Co.* v. *Anderson*, 77 Cal. 297, 19 Pac. 517, which construes section 953 of the present California Code of Civil Procedure,—a section identical with section 1739 of the Montana statutes. Said section 1739 is as follows :

"The copies provided for in the last three sections must be certified to be correct by the clerk or the attorneys, and must

be accompanied with a certificate of the clerk or attorneys that
an undertaking on appeal in due form has been properly filed,
or the stipulation of the parties waiving an undertaking.''

Again, the district court clerk had no authority, under said
section 1739, to certify what evidence, documentary or oral,
the court had before it on the hearing of the motion. See
*Baker* v. *Snyder*, 58 Cal. 617, and *Walsh* v. *Hutchings*, 60
Cal. 228.

Nor had he any authority to make the statement contained
in the certificate that no memorandum of costs was ever filed.
Section 1739 points out clearly what the certificate of the clerk
shall be, and necessarily any statements contained in that cer-
tificate, except what the statute permits, are mere surplusage
and meaningless on appeal.

The present Montana Code of Civil Procedure, like the Cali-
fornia Code, contains no express provision for the authentica-
tion or identification on appeal of the evidence, oral or written,
used on a hearing like the one had in this case in the lower
court. Section 1739 is, as we have stated, section 953 of the
California Code of Civil Procedure, which was in force when
the cases of *Baker* v. *Snyder* and *Walsh* v. *Hutchings, supra,*
were decided by the supreme court of California. That there
must in some manner be a proper identification or authentica-
tion of the evidence in such a case, for the purpose of having
it considered on appeal, is essentially necessary, however.

Hayne on New Trial and Appeal (section 264) discusses the
question in detail, and cites California decisions, and the stat-
utes of that state applicable to the inquiry are similar to those
of Montana. There are also decisions of the supreme court of
California on the subject later than those referred to in Mr.
Hayne's work. See *Somers* v. *Somers*, 81 Cal. 608, 2 Pac.
967, and *White* v. *White*, 88 Cal. 429, 26 Pac. 236.

In *Somers* v. *Somers*, Mr. Justice Works, with whom con-
curred Mr. Justice Fox, declares that the proper and simplest
way of bringing up such evidence for review on appeal is by
means of a bill of exceptions; that is to say, of course, when
the attorneys themselves do not certify as they are authorized

to do under said section 1739.   We are inclined to agree with this view of the subject.  After the case of *Somers* v. *Somers, supra,* was decided, the supreme court of California adopted a rule as follows :   "In all cases of appeal to this court from orders of inferior courts, the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by law."

The adoption of this rule simply carried out the views of Justices Works and Fox.   Section 1156 of the Montana Code of Civil Procedure is sufficiently comprehensive to admit of this practice without a formal rule of this court.   This is a digression, but the question of practice is so important a one that we deem it appropriate to intimate our view of the matter.

Returning to the record before us, we find that it consists of unidentified papers strung together, with nothing to suggest that they were used on the hearing of the appellant's motion; with nothing even to indicate that there was no other evidence before the court when it made the order complained of. Under these circumstances, every presumption is in favor of the correctness of the order of the lower court.

As early as 1874, Justice Knowles, in *Hibbard* v. *Tomlinson*, 2 Mont. 220, said :   "A motion to retax costs should always be supported either by the records in the case, or by affidavits showing the illegal charges, or by a statement presenting them."   In *Rader* v. *Nottingham, Id.* 127, this court said :   "Holding, as we do, that we have no jurisdiction to determine the issue presented in this appeal, any judgment or order that we might render thereon would be void.   Not desiring to cumber our records with a void judgment or order to vex the court below with, we must dismiss this appeal on our own motion."

On our own motion, therefore, we dismiss this appeal.

*Dismissed.*

PEMBERTON, C. J., and HUNT, J., concur.