MURPHY, APPELLANT, *v.* NORTHERN PACIFIC RAIL-
WAY CO. RESPONDENT.

[No. 1384.]

[Submitted May 10, 1899.  Decided May 26, 1899.]

*Appeal—Notice of Appeal—Undertaking on Appeal—Cer-
tificate.*

1.  Under the Code of Civil Procedure, Section 1739, requiring the certificate of the clerk
    on appeal to state "that an undertaking on appeal in due form has been properly
    filed," a certificate "that a good and sufficient undertaking on appeal approved by
    me has been filed in my office" is fatally defective.
2.  A notice of appeal declared the party appealed from a judgment of one date, and
    from an order of another date, and from "all other judgments, orders and decrees."
    The bond recited the party was about to appeal from a certain judgment, order and
    decree, at the "times" mentioned in the notice. *Held*, that the bond was invalid for
    ambiguity, in not stating which appeal it was intended to secure.

*Appeal from District Court, Yellowstone County; C. H.
Loud, Judge.*

ACTION by Emma Murphy, individually and as adminis-
tratrix of the estate of Patrick Murphy, deceased, against the
Northern Pacific Railway Company.   There was a judgment
for defendant, and plaintiff appeals.   Dismissed.

*Geo. R. Milburn,* for Appellant.

*Wm. Wallace, Jr.,* for Respondent.

**PER CURIAM.**—This  action  was  brought  to  recover
$20,000 as damages for the alleged negligent killing of one
Patrick Murphy by defendant.

On February 8, 1898, an order was entered, at page 391
of Minute Book 4 of the court below, setting aside the service
of summons and striking the complaint from the files.   On
April 4, 1898, a judgment dismissing the action for want of
prosecution was entered at page 440 of said Book 4.   After-
wards, on October 20th, the court, by duly entered orders,
denied the motions of plaintiff to set aside the order of Feb-
ruary 8th and to vacate the judgment of April 4th.   On Jan-
uary 28, 1899, an order was entered in the court below de-

nying the motion of plaintiff for leave to file an amended complaint. The plaintiff then filed and served her notice of appeal, which, with the exception of mere formal matters is as follows:

"Please take notice that the plaintiff in the above entitled action, both in her individual capacity and as administratrix of the estate of Patrick Murphy, deceased, hereby appeals to the Supreme Court of the State of Montana from the judgment and order made and entered in the above entitled action in the District Court of the Seventh Judicial District of the State of Montana, in and for the County of Yellowstone, on the eighth day of February, A. D. 1898, striking plaintiff's complaint from the files of said court, in favor of the defendant in said action, and against the said plaintiff, and from the whole thereof, which said order is recorded in District Court Minutes, at page 391, Volume 4 thereof.

"You will also take notice that the plaintiff as above mentioned also appeals to the Supreme Court of the State of Montana from the judgment and order therein made and entered in the District Court of the Seventh Judicial District of the State of Montana, in and for the County of Yellowstone, dismissing said plaintiff's action on the fourth day of April, A. D. 1898, in favor of the defendant in said action, and against said plaintiff, and from the whole thereof, which said judgment and order is recorded in District Court Minutes, at page 440, Volume 4 thereof.

"You will also take notice that the plaintiff as above mentioned hereby appeals to the Supreme Court of the State of Montana from all other judgments, orders and decrees made or entered in the District Court of the Seventh Judicial District of the State of Montana, in and for the County of Yellowstone, in favor of the defendant in said action, and against said plaintiff, and from the whole thereof."

The body of the undertaking on appeal reads: "Whereas, the plaintiff in the above entitled action, both in her individual capacity and as the administratrix of the estate of Patrick Murphy, deceased, is about to appeal to the Supreme Court of

the State of Montana from a certain iudgment, order and decree against the plaintiff in said action in the said District Court of the Seventh Judicial District of the State of Montana, in and for the County of Yellowstone, in favor of the defendant in said action, at the times mentioned in plaintiff's notice of appeal, to which reference is hereby made: Now, therefore, in consideration of the premises, and of such appeal, we, the undersigned, residents and freeholders of the said County of Yellowstone and State of Montana, do jointly and severally undertake and promise, on the part of the appellant, that the appellant will pay all damages and costs which may be awarded against her on the appeal, or of a dismissal thereof, not exceeding three hundred ($300) dollars, to which amount we acknowledge ourselves jointly and severally bound.''

In the certificate to the transcript the clerk states ''that a good and sufficient undertaking on appeal, approved by me, in the sum of three hundred ($300) dollars has been filed in my office.''

The defendant now moves this court to dismiss the appeals so taken or attempted to be perfected.

The record before us does not present for review any order or judgment. Without a certificate of the clerk or of the attorneys ''that an undertaking on appeal, in due form, has been properly filed, or the stipulation of the parties waiving an undertaking,'' the appeal ought to be dismissed on motion. (Code of Civil Procedure, Sec. 1739; *San Francisco & North Pacific Railroad Co.* v. *Anderson,* 77 Cal. 297, 19 Pac. 517; *State ex rel. Pierson* v. *Millis,* 19 Mont. 444, 48 Pac. 773.) Here there is neither a certificate of the attorneys nor a stipulation waiving undertaking, and the clerk's certificate, not conforming to the statute in the respect mentioned, is fatally defective. (*State ex rel Pierson* v. *Millis, supra.*) Defendant, does not, however, move a dismissal because of this omission, but upon the ground that the undertaking certified to this court is insufficient, within the principles announced in *Creek* v. *Bozeman Waterworks Co.*, 22 Mont. 327,

56 Pac. 362. The position is well taken. It is impossible to determine for which particular one of the several appeals the undertaking, which is in the sum of $300 only, was given or is intended. By her notice of appeal plaintiff declares that she appeals from the judgment of April 4th, and also from several orders, among which is that of February 8, 1898; and the undertaking recites that she is about to appeal "from a certain judgment, order and decree against the plaintiff, * * * at the times mentioned in plaintiff's notice of appeal, to which reference is hereby made." The manifest design was that the bond should conform to the notice and apply to the order of February 8th and to the judgment of April 4th. There would seem to be no question but that the words last quoted are intelligible only when understood as referring to the order and to the judgment entered on February 8th and April 4th, respectively. "The times" manifestly refer to the dates, mentioned in the notice, on which the judgment and the order were severally made and entered. The undertaking is ambiguous and uncertain.

The motion is therefore granted and the appeals are dismissed.

*Dismissed.*