RAMSEY, RESPONDENT v. BURNS ET AL, APPELLANTS.

[No. 1429.]

*On Motion to Dismiss Appeals.*

[Decided May 29, 1900.]

*Appeal—Time for Appealing—Service of Notice—Undertaking an Appeal—Ambiguity—Dismissal of Appeal—Practice—Stare decisis.*

1. Under Code of Civil Procedure Sec. 1723, providing that an appeal from a final judgment may be taken within a year after entry; and section 1724, providing that it shall be taken by filing a notice with the clerk, and serving a copy on the adverse party,—an attempted appeal from a judgment will be dismissed where the notice is not served on the respondent, or filed in the office of the clerk of the court, until after one year from the date of the judgment.

2. An undertaking on appeal, where defendant appeals on one record both from the final judgment entered against him, and from an order refusing a new trial, conditioned that appellant will pay all costs and damages awarded against him on the appeal or on a dismissal thereof, is not void for the reason that it cannot be determined therefrom to which appeal it applies, or is to be referred. (*Watkins* v. *Morris, 14 Montana 354, disapproved but followed.*)

3. Decisions upon mere matters of practice should never be disturbed unless it be apparent that injustice would result from adherence thereto.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Cora E. Ramsey against P. H. Burns, as justice of the peace, and others. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Appeal from judgment dismissed. Motion for dismissal of appeal from order denying motion for new trial denied.

*Mr. John N. Kirk,* for Appellants.

*Mr. M. J. Cavanaugh,* for Respondent.

PER CURIAM.—This case is now before the court upon the respondent's motion for a dismissal of the appeals taken or attempted to be taken from the judgment and an order re-

fusing a new trial. The motion to dismiss the supposed appeal from the judgment is based upon two grounds: First, that the judgment was entered more than one year prior to the filing and serving of the notice of appeal; and, second, that the undertaking on appeal is so ambiguous as to be void. The motion to dismiss the appeal from the order refusing a new trial is based upon the second ground urged in support of the motion to dismiss the appeal from the judgment.

An inspection of the transcript discloses that the judgment was entered on the 23d day of May, 1898, and that the notice of appeal was served on the 24th day of May, 1899, and filed in the office of the clerk of the district court on the 29th day of May, 1899. The attempted appeal from the judgment, not having been taken within one year from its entry, must be dismissed. (Sections 1723, 1724, Code of Civil Procedure; *Gallagher* v. *Cornelius*, 23 Mont. 27, 57 Pac. 447.)

The undertaking on appeal recites that, whereas, the defendants having appealed to the supreme court from the judgment entered against them, and also from the order overruling their motion for a new trial: "Now, therefore, in consideration of the premises and of such appeal, we, the undersigned, residents of Silver Bow county, Montana, do hereby jointly and severally undertake and promise on the part of the appellants that the said appellants will pay all damages and costs which may be awarded against them on the appeal, or on a dismissal thereof, not to exceed three hundred dollars, to which amount we acknowledge ourselves jointly and severally bound." The respondent insists that the undertaking is void because it cannot be determined therefrom to which appeal it applies or is to be referred. In *Watkins et al.* v. *Morris*, 14 Mont. 354, 36 Pac. 452, where a similar undertaking had been filed, the same point was made and argued, as appears from the briefs on file, but the court held that the bond was valid. The question raised and determined in that case is the question presented in this case. It was decided on the 23d of April, 1894, and has never been overruled; nor has the legislative assembly seen fit so to change the statute law as to require a different

form of undertaking. Decisions upon mere matters of practice, or interpretations of what may, perhaps, not improperly be called "adjective law," should never be disturbed unless it be apparent that injustice would result from adherence thereto. Parties and their counsel for more than six years past, in perfecting appeals to this court, have presumptively relied upon and been guided by the rule announced in *Watkins* v. *Morris*, *supra*. An abrogation of that rule at this time would be an arbitrary infliction of hardship upon litigants who have appeals pending in this court. The doctrine of the Watkins Case is not in conflict with anything held in *Grage* v. *Paulson*, 23 Mont. 337, 59 Pac. 1, or in the cases there cited. It is, on principle, in conflict with *Baker* v. *Butte City Water Co.*, 24 Mont. 31, 113, 60 Pac. 817, 818. The latter case is, in our opinion, based upon correct reasoning, reaches the proper result, and is approved. In the facts, however, there is a distinction between the Watkins case and the Baker case; for in the Baker case the undertaking on appeal was to the effect that the Appellant would pay all costs and damages on the "appeals," while in the Watkins case the word "appeal" is used. The intimation in the Baker case that an undertaking such as the one here attacked is void for ambiguity was by way of argument, and was unnecessary to a decision, for the reason that such an undertaking was not before the court for consideration. The intimation is not to be understood as a holding that in this jurisdiction such undertaking is defective or void, although such is the rule laid down by the supreme court of Idaho in *Kelly* v. *Leachman*, 51 Pac. 407, referred to in the Baker case. The rule of the Watkins case is, as we have said, an illogical one, and should not be extended in its application so as to apply to undertakings not in the form of the one there approved. If the question now under consideration were before us for the first time, we should hold that the undertaking is void for ambiguity. The importance of having the practice settled and known prevents us from overturning the rule established by the Watkins case.

The motion to dismiss the appeal from the judgment is

granted; the motion to dismiss the appeal from the order refusing a new trial is denied.

MR. JUSTICE HUNT, being absent, takes no part in the foregoing decision.