HURLEY, Appellant *v.* O'NEILL, Respondent.

[No. 1485.]

[Submitted July 2, 1900.   Decided July 3, 1900.]

*Appeal—Notice of Appeal—Appeal from Judgment and from Order Denying New Trial—Undertaking on Appeal—Abandonment—Dismissal.*

*Held*, that where an appellant served notice that he desired to appeal from a judgment and an order denying a new trial, but the undertaking referred to an appeal from the judgment only, the appeal will be treated as abandoned as far as it relates to the order denying a new trial, and to that extent will be dismissed, irrespective of the intention of appellant.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Mary Ann Hurley against Patrick O'Neill. From a judgment in favor of defendant, and an order over-

ruling a motion for a new trial, plaintiff appeals.   On motion to dismiss the appeal as to the order denying a new trial.   Dismissed.

*Messrs Sinclair & Dyyert,* for Appellant.

*Mr. John N. Kirk,* for Respondent.

PER CURIAM.—Motion to dismiss an appeal from an order denying plaintiff's motion for a new trial.   It is based on the ground that this court has no jurisdiction of the appeal, for the reason that appellant has filed no undertaking to make the appeal effectual under section 1724 of the Code of Civil Procedure.

It appears from the record that the appellant gave notice of appeal both from the judgment, and from the order denying her a new trial, but the undertaking filed recites the appeal from the judgment only, and contains no reference to the appeal from the order.   Under these circumstances, the only inference permissible is that the appeal from the order was abandoned.   Whether this was done intentionally or not, the result is the same; for, though we have held that, upon an appeal from a judgment and an order denying a new trial, only one undertaking need be filed (*Watkins* v. *Morris,* 14 Mont. 354, 36 Pac. 452; *Ramsey* v. *Burns,* 24 Mont. 234, 61 Pac. 129,) we cannot agree that an undertaking is sufficient to effectuate the appeal from the order where the undertaking contains no reference to an appeal therefrom.   The question here presented was decided by this court adversely to appellant in *Withers* v. *Kemper,* (not reported) * during the present term.   See also, *Berniaud* v. *Beecher,* 74 Cal. 617, 16 Pac. 510; *Schurtz* v. *Romer,* 81 Cal. 244, 22 Pac. 657; *Pacific Paving Co.* v. *Bolton,* 89 Cal. 154, 26 Pac. 650; *Duncan* v. *Times Mirror Co.,* 109 Cal. 604, 42 Pac. 147.)   The motion must therefore be sustained.

*Dismissed.*

---

*Note—There was no written opinion filed in *Withers* v. *Kemper*; the order of dismissal was entered June 29, 1900.—O. T. C.*