NOLAN, RESPONDENT v. MONTANA CENTRAL RAILWAY COMPANY, APPELLANT.

[No. 1262.]

*On Motion to Dismiss Appeals.*

[Submitted July 18, 1900. Decided July 19, 1900.]

*Appeal from Judgment and from Order denying New Trial— Undertaking on Appeal—Sufficiency.*

1. Where respondent moved to dismiss an appeal for want of a certificate under Code of Civil Procedure, Sec. 1739, providing that the clerk of the court shall certify that an undertaking on appeal, in due form, has been properly filed, and pending the motion appellant obtained an order from the Supreme Court permitting the clerk to amend his certificate, and such amended certificate has been filed in the Supreme Court before the submission of the motion, respondent's motion will be denied.

2. An undertaking for an appeal from a judgment for plaintiff, and an appeal from an order denying a new trial, stating that the undersigned promise that the defendant will pay all damages and costs which may be awarded against it on the appeal, or dismissal thereof, not exceeding $300, was not objectionable in not stating whether the bond was for the appeal from the judgment or for the appeal from the order denying a new trial, since the bondsmen were liable for any damages and costs to which the defendant might become entitled under either appeal.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Timothy Nolan against the Montana Central Railway Company. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals. Motion by plaintiff to dismiss the appeal. Motion denied.

*Mr. A. J. Shores,* for Appellant.

*Mr. George Haldorn,* for Respondent.

PER CURIAM.—The respondent moves a dismissal of the appeal from the judgment in his favor, and the appeal taken at the same time from an order denying the appellant's motion for a new trial. The grounds of the motion are: (1) that this court has no jurisdiction of either of the appeals, because the

certificate of the clerk of the district court to the transcript does not state that an undertaking on appeal in due form was properly filed, as by section 1739 of the Code of Civil Procedure the clerk is required to certify; and (2) that the undertaking filed is void for ambiguity and uncertainty, because the sureties after reciting that the appellant is about to appeal to the Supreme Court from the judgment entered against it, and from the order entered denying the defendant's motion for a new trial, ''undertake and promise on the part of the appellant that the said appellant shall pay all damages and costs which may be awarded against it on the appeal, or on a dismissal thereof, not exceeding three hundred dollars,'' wherefore it cannot be ascertained to which appeal the undertaking applies.

1.   Since the filing of the motion the appellant has obtained an order of this court permitting the clerk of the court below to amend his certificate to the transcript in the particular referred to; and the transcript is now accompanied with the certificate of the clerk of that court, filed here before the submission of the motion, to the effect that an undertaking on appeal in due form was properly filed. This ground of the motion is therefore untenable.

2.   After reciting that the defendant is about to appeal from the judgment and the order denying the defendant's motion for a new trial, the undertaking proceeds: ''Now, therefore, in consideration of the premises and of such appeal we, the undersigned residents and freeholders of the city of Great Falls, county of Cascade, and state of Montana, do hereby jointly and severally undertake and promise on the part of the appellant that the said appellant will pay all damages and costs which may be awarded against it on the appeal, or on a dismissal thereof, not exceeding three hundred dollars.'' The respondent argues that this court has no jurisdiction of either of the appeals, because the undertaking is void for ambiguity and uncertainty, in not specifying which appeal the sureties undertake to be responsible for. The same question was presented and argued in *Watkins* v. *Morris*, 14

Mont. 354, 36 Pac. 452, the opinion in which does not disclose the contents of the undertaking, the motion to dismiss in that case being as follows: ''Because it appears from the notice of appeal on file herein that the said plaintiffs have attempted to take two appeals (that is, an appeal from the order overruling their motion for a new trial, and an appeal from the judgment), and only one bond has been filed for costs, and that in the sum of only three hundred dollars; and it does not appear, nor can it be ascertained from the papers on file herein, for which appeal the said bond was intended and filed.'' The undertaking was, in substance and form, identical with the one in the case at bar. In support of the motion counsel in that case cited, as do counsel in this, *Mathison* v. *Leland* 1, Idaho, 712; *McCoy,* v. *Oldham,* 1 Idaho 465; *Eidy* v. *Van Ness,* 2 Idaho, 93, 6 Pac. 115; and *Cronin* v. *Bear Creek Gold Mining Co.,* 2 Idaho, 1146, 32 Pac. 53, — as well as other cases. Although *Watkins* v. *Morris* was decided before the enactment of the provision of section 1731 of the Code of Civil Procedure, permitting an appeal from a judgment and from an order granting or refusing a new trial, when taken at the same time, to be made effectual by the filing of one undertaking in the sum of $300, yet the court, because of the universal practice in that regard, nevertheless held such an undertaking sufficient, where the appeals were consolidated in one record. The change (if any) wrought in the practice by that provision of section 1731, consists in restricting the right to support the appeals by an undertaking in the sum of $300 to cases where such appeals are taken at the same time. In that case this court did not in the opinion expressly decide the identical question here raised, but the court did by necessary implication determine it, and held that the undertaking was neither imperfect nor void. It further held, impliedly but necessarily, that the sureties on such an undertaking would be answerable for any damages and costs to which the respondent might become legally entitled by reason of either appeal; otherwise, the decision cannot be justified, for, if the sureties became bound for the costs and damages of but one

of the appeals, the undertaking would have been imperfect, because affording insufficient security to the respondent, and, if it was impossible to ascertain to which appeal the undertaking was referable, it would have been not merely imperfect or insufficient, but wholly void. The Watkins case decided that the legal effect of the contract made by executing an undertaking (given to satisfy a statutory requirement) in the form of the one given in that case was to subject the sureties to the payment of all damages and costs which might be awarded against the appellant on the appeals, or on either of them, or on a dismissal thereof. Sureties subsequently executing undertakings in the same form must, in legal contemplation, have known and adopted, or be deemed to have consented to, the interpretation theretofore placed upon the language employed, and their contract will be so construed. Upon the authority of *Watkins* v. *Morris, supra*; *Ramsey* v. *Burns*, 24 Mont. 234 61 Pac. 129, *Helena & Livingston Smelting Reduction Co.* v. *Lynch*, 24 Mont. 241, 61 Pac. —; *Boucher* v. *Barsalou, Id*; *Mahoney* v. *Butte Hardware Co. Id;* and *Teague* v. *John Caplice Co. Id*,—this ground of the motion to dismiss must be overruled.

The motion is therefore denied.          *Denied.*