RICHTER, Respondent, v. EAGLE LIFE ASSOCIATION, Appellant.

[No. 1545.]

*On Motion to Dismiss Appeals.*

[Submitted July 23, 1900.  Decided July 24, 1900.]

*Appeal and Error— Order After Judgment —Notice — Time for Appeal— Undertaking—Two Appeals—Sufficiency.*

1.   An appeal from an order made and entered on January 8th denying a motion to vac-
     ate a judgment will be dismissed, where notice thereof was not served until March
     10th, since such appeal was not taken within 60 days from the making and entry of
     the order, as required by Code Civ. Proc., Section 1723.
2.   An undertaking, in the sum of $300, on appeals from a judgment and an order made
     thereafter, denying a motion to vacate the same, conditioned for the payment of dam-
     ages and costs of the appeal, without specifying to which appeal it applies, is insuffi-
     cient.

*Appeals from District Court, Lewis and Clarke County;
Henry C. Smith, Judge.*

ACTION by Jennie Richter, individually and as guardian of
Harry Richter and Florence Richter, minors, against the Eagle
Life Association.   From a judgment in favor of the plaintiff,
and from an order denying a motion to vacate the same,
defendant appeals.   Appeals dismissed.

*Mr. E. D. Weed,* for Appellant.

*Mr. R. R. Purcell,* for Respondant.

**PER CURIAM.**—The plaintiff recovered a judgment by
default against the defendant for the sum of $2,445, together
with costs, which judgment was entered on the 28th day of
June, 1899.   On the 8th day of January, 1900, the court
below made and caused to be entered an order denying the
defendant's motion to vacate and set aside the judgment.   On
the 10th day of March, 1900, the defendant filed and served
its notice of appeal from the judgment and from the order of
January 8th; and on the 13th day of March, 1900, it filed an
undertaking, in which the sureties, after reciting that the
defendant is about to appeal to this court from the judgment
and from the order, undertake and promise on the part of the
defendant that it will pay all damages and costs which may be
awarded against it on the appeal or on a dismissal thereof, not
exceeding the sum of $300.

The plaintiff now moves to dismiss the attempted appeal
from the order of January 8th upon the ground that it was
not taken within 60 days after the entry of the order.   The
motion will be granted.   Section 1723 of the Code of Civil

Procedure provides, among other things, that an appeal may be taken from any special order made after final judgment within 60 days after the order is made and entered in the minutes of the court or filed with the clerk.     More than 60 days elapsed between the entry of the order and the giving of the notice of appeal therefrom.

The plaintiff moves that the attempted appeal from the judgment be also dismissed for the reason that the undertaking is void.     The supposed appeals are from a judgment and a special order made thereafter, other than an order granting or refusing a new trial; the undertaking is in the sum of $300, and is conditional for the payment of the damages and costs of the appeal, without specifying to which of the appeals the undertaking applies.     Upon the authority of *Creek* v. *Bozeman Waterworks Co.*, 22 Mont., 327, 56 Pac. 362; *Murphy* v. *Nor. Pac. Railway Co.*, 22 Mont. 577, 57 Pac. 278; and *Washoe Copper Co.* v. *Hickey*, 23 Mont., 319, 58 Pac. 866, the principles of which are approved and reaffirmed, the motion must be granted.

The appeals are therefore dismissed.

*Dismissed.*