THE HON. GEORGE R. MILBURN,
THE HON. WILLIAM L. HOLLOWAY, } Associate Justices.

---

PIRRIE, RESPONDENT, *v.* MOULE ET AL., DEFENDANTS; MOULE, APPELLANT.

33    1
34   370,
33     1
38    423

(No. 2,115.)

(Submitted June 14, 1905. Decided July 11, 1905.)

*Appeal Bonds—Sufficiency—Curing Defects.*

Undertaking on Appeal—Appeal from More than One Order.
    1. *Held,* that, though a single undertaking in the sum of $300 is sufficient to sustain an appeal from a judgment and from an order denying a new trial, when treated as one appeal, where appeals are taken from a judgment and from any order other than one denying a new trial, or from more than one order, a separate undertaking in the sum of $300 must be filed for each, or, if both are included in the

same paper, appropriate references must be made to show which appeal each is intended to effectuate, even though one of the orders appealed from may be a nonappealable order.

Undertaking on Appeal—When Void and not Susceptible of Amendment.

2.   Where a single undertaking on appeal in the sum of $300 was filed to support separate appeals from a final judgment, from an order denying a new trial, and from a special order after judgment, overruling the defendant's exceptions to the findings of fact and conclusions of law made by the court, instead of a separate bond for each appeal, the undertaking was wholly void for ambiguity, and not merely insufficient, and hence could not be cured under section 1740 of the Code of Civil Procedure, providing that no appeal shall be dismissed for insufficiency of the undertaking if a good and sufficient undertaking, approved by a justice of the supreme court, be filed therein before the hearing on motion to dismiss the appeal.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

ACTION by George Pirrie against P. I. Moule and others. From a final judgment in favor of plaintiff, and from an order denying a new trial, and from a special order after judgment, overruling exceptions filed by defendant Moule to the findings of fact and conclusions of law made by the court, he appeals.   Dismissed.

*Messrs. McConnell & McConnell,* and *Mr. Lewis Penwell,* for Appellant.

*Messrs. Walsh & Newman,* and *Mr. Rudolph Von Tobel,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The purpose of this action is to obtain a decree quieting plaintiff's title to the use of certain of the waters of Swimming Woman Creek, in Fergus County.   It was removed to this court by appeals by the defendant, P. I. Moule, from a final judgment and an order denying a new trial, and also from a special order after judgment "overruling and denying the exceptions filed by the defendant, P. I. Moule, to the findings of fact and conclusions of law made by the court," etc.   At the

hearing on the merits a motion was submitted asking that the appeals be dismissed on the ground, among others, that the undertaking on appeal is void for ambiguity, and hence that this court has no jurisdiction, for that, whereas there are three appeals, the undertaking is in the sum of $300 only, and it is impossible to determine from the recitals therein to which appeal it refers.

The form of the undertaking is the same as that quoted in *Creek* v. *Bozeman Waterworks Co.*, 22 Mont. 327, 56 Pac. 362. Counsel for appellant has filed an elaborate brief in opposition to the motion, in which he takes exception to the former decisions of this court which construe sections 1724, 1725, 1731, and 1740 of the Code of Civil Procedure, and also those of the supreme court of California construing like provisions, insisting that they are founded upon an erroneous interpretation of the term "insufficient," as used in section 1740, *supra*. The argument is that this term is broad enough to include a void undertaking as well as one not so defective as to be void, invoking the rule of interpretation that the words of a statute are to be construed in their ordinary and popular sense, unless the intention is manifest that they are used in a different sense. It is argued that under section 1740 a good and sufficient undertaking may be substituted for a void one so as to save the appeal, provided the substitution be made as permitted by that section. This argument is plausible. But it must not be overlooked that section 1740 is to be construed in connection with sections 1724, 1725, and 1731. Under section 1724 the appeal, though the procedure provided therein is followed, is ineffectual for any purpose unless, within five days after service of notice, an *undertaking* is filed, etc. So the word "undertaking" is used in sections 1725 and 1731. Now, a void undertaking is nothing—a mere nullity. If the legislature intended the term "insufficient" to be understood as contended for by appellant, the result would be that the appeal would fail if no written paper purporting to be an undertaking should be filed; but if a writing purporting to be

such be filed, this would give this court jurisdiction, and the
appeal would be saved by the substitution provided for in sec-
tion 1740.

Owing to some remarks in *Morse* v. *Callantine,* 19 Mont. 87,
47 Pac. 635, and the decision in *Watkins et al.* v. *Morris et al.,*
14 Mont. 354, ·36 Pac. 452, which latter was approved and
followed in *Ramsey* v. *Burns et al.,* 24 Mont. 234, 61 Pac. 129;
*Helena & Livingston Smelting & Reduction Co.* v. *Lynch,* 24
Mont. 241, 61 Pac. 1134; *Mahoney* v. *Butte Hardware Co.,*
24 Mont. 242, 61 Pac. 1134; *Boucher* v. *Barsalou et al.,* 24
Mont. 242, 61 Pac. 1134; *Teague* v. *Caplice Co.,* 24 Mont. 242,
61 Pac. 1134; *Nolan* v. *Montana Central Ry. Co.,* 24 Mont.
327, 61 Pac. 880; and perhaps other cases—this court seems
not to have been always entirely consistent in the application
of these provisions.

The undertaking filed in the district court in the case of
*Morse* v. *Callantine* was the same in form as the one now
under consideration. It will be observed that this court re-
fused to consider its validity because it was not challenged
by a motion to dismiss the appeals. The court then proceeded
to discuss it briefly, and stated that it was not absolutely void,
but that a substitution might have been made of a new under-
taking under the provisions of section 1740. *Spreckels* v.
*Spreckels,* 114 Cal. 60, 45 Pac. 1022, and *Watkins* v. *Morris,*
*supra,* are cited as supporting this view. But an examination
of these cases will show that neither is in point. If the ques-
tion was not before the court, the remarks referred to are
*dicta,* and therefore are not authority. If the question was
before the court, the decision, in so far as it held the under-
taking defective and not void, is manifestly erroneous, as has
been repeatedly pointed out in the decisions of this court here-
inafter cited. This case and the case of *Watkins* v. *Morris* are
cited and discussed in *Creek* v. *Bozeman Waterworks Co., supra,*
and the distinctions between an undertaking wholly void and
one defective, and therefore amendable, are clearly pointed out.
As was said in *Ramsey* v. *Burns,* the rule of the case of *Wat-*

*kins* v. *Morris* is illogical; and so it is. It was nevertheless up-
held, because it had so long been observed that an abrogation
of it would result in great hardship to litigants. The case of
*Baker* v. *Butte City Water Co.*, 24 Mont. 31, 60 Pac. 488, is
also cited and expressly approved.

The result of these cases is that one undertaking in the sum
of $300 will support appeals from a judgment and an order
denying a new trial, when treated as one appeal. When treated
as distinct appeals, as in *Baker* v. *Butte City Water Co.*, they
will be so considered, and the undertaking must contain alterna-
tive conditions referring to each. In case of appeals from
a judgment, and any other order than one denying a new trial,
or from more than one order, a separate undertaking in $300
must be filed for each, or, if both are included in the same
paper (section 1731) appropriate references must be made,
so that it may be understood which appeal each is intended to
effectuate.

In *Ramsey* v. *Burns* the application of the rule of the *Wat-
kins Case* is limited to such cases only as fall strictly within
it. In all the other cases decided by this court, beginning with
*Creek* v. *Bozeman Waterworks Co.*, the term "insufficient"
has been taken to mean merely defective, and not void, and
undertakings not containing appropriate references to the sep-
arate appeals have been declared void for ambiguity. (*Murphy*
v. *Northern Pac. Ry. Co.*, 22 Mont. 577, 57 Pac. 278; *Washoe
Copper Co.* v. *Hickey et al.*, 23 Mont. 319, 58 Pac. 866; *Grage*
v. *Paulson*, 23 Mont. 337, 59 Pac. 1; *Coleman* v. *Perry et al.*,
24 Mont. 237, 61 Pac. 129; *Richter* v. *Eagle Life Assn.*, 24
Mont. 346, 61 Pac. 878; *Hurley* v. *O'Neill*, 24 Mont. 293, 61
Pac. 658; *Hahn* v. *James et al.*, 26 Mont. 50, 66 Pac. 463;
*Frary* v. *Dwyer*, 26 Mont. 414, 68 Pac. 1133; *Hayes* v. *Union
Mercantile Co. et al.*, 27 Mont. 264, 70 Pac. 975.)

The rule of these cases is supported by the provision of the
Constitution which declares that the appellate jurisdiction of
this court is subject to such limitations and regulations as may
be prescribed by law. (Const., Art. VIII, sec. 3.) Constru-

ing all the sections of the statute and the constitutional provision together, the term "insufficient," as applied to an undertaking on appeal, must therefore be construed as meaning such a one as has some efficiency, but not enough to meet the necessary requirements. As used in other sections of the Code of Civil Procedure (Sections 1152, 1173), the terms "insufficient," "insufficiency," and "insufficiently" are used in a sense broad enough to include "total absence" or "entire want of," but as used here it bears its ordinary meaning—"not enough" (Webster's International Dictionary; Century Dictionary); that is, importing degree in quantity or quality, and not total absence. Adopting this as the correct definition under the provisions of section 1740, *supra,* when the undertaking is insufficient a new one may be filed, and the appeal, or appeals, be saved; but when the one filed is void, the court has not obtained jurisdiction, and the appeals must fail.

Prior to the submission of the motion herein, a good undertaking, approved by the chief justice, was filed in this court, but this cannot avail. There are three distinct appeals. The undertaking filed in the district court refers to one appeal, and while, under the rule of the *Watkins Case,* this would be sufficient to sustain the appeals from the judgment and the order denying a new trial, yet it is impossible to tell whether the undertaking refers to these appeals or to the appeal from the order overruling and denying the exceptions. And, further, it makes no difference whether one of the orders be appealable or not. The undertaking must contain the appropriate references, and, if one of the orders in any case should be not an appealable order, nevertheless the appropriate reference in the undertaking would save the other appeal or appeals.

The motion must be sustained. The appeals are accordingly dismissed.

*Dismissed.*

Mr. Justice Milburn and Mr. Justice Holloway concur.